## BUCKNER *v.* THE STATE.

CRIMINAL LAW.—*Destruction of Unrecorded Indictment.*—The defendant in a criminal prosecution can not be put upon trial on an indictment against him which has been destroyed, and of which there is no record.

SAME.—*Trial upon Certified Copy.*—Where a record has been made of an indictment which has been destroyed, the defendant may be put upon trial on a certified copy of the same.

SAME.—*Case Modified.*—*Bailey* v. *The State,* 39 Ind. 438, modified.

From the Morgan Circuit Court.

*G. W. Grubbs, M. H. Parks* and *J. H. Jordan,* for appellant.

*A. M. Cunning,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for the State.

WORDEN, J.—The record in this case shows the following entry, viz.:

"*State of Indiana* v. *Thomas J. Buckner.* Selling without license. Indictment burned."

There is no indictment or charge of any kind against the defendant in the record. The defendant was tried, convicted, and fined in the sum of twenty-five dollars. He moved in arrest of judgment, but his motion was overruled, and he excepted. There is no charge in the

record on which a judgment against the defendant could have been based, and the motion in arrest should have been sustained. If the indictment was burned, and there was no record of it, the defendant could not be tried at all upon it. If it had been recorded, as required by section 68, 2 R. S. 1876, p. 388, the defendant might have been tried upon a copy taken from the record, and certified by the clerk, in case of the loss or destruction of the original. See, also, an act on the subject, approved January 30th, 1852, 2 R. S. 1876, p. 414. In *Bailey* v. *The State*, 39 Ind. 438-445, it is said, that section 68, above cited, is modified by the act of January 30th, 1852, above cited. This intimation probably arose from an inadvertence in not observing that section 68 is the later law, it being contained in an act approved June 17th, 1852.

If the defendant was tried upon a certified copy of the indictment, that copy constituted a part of the record, and should have been contained in the transcript. We must presume that the transcript is complete and perfect.

The judgment below is reversed, and the cause remanded, with instructions to the court below to sustain the motion in arrest of judgment.

Petition for a rehearing overruled.