Opinion delivered April 22, 1886.

---

[No. 3898.]

JAMES PATE *v.* THE STATE.

1. SENTENCE—APPEAL.—Under the law in force prior to the act of 1879, the trial court was not permitted to pass sentence upon a person convicted of a felony, pending his appeal.   On the contrary, the statute (Pasc. Dig., Art. 3148) expressly inhibited and suspended sentence until the decision of the appellate court was received by the trial court.

2. Same—Escape.—Under the law in force prior to said article the rule obtained that if a party convicted appealed, and escaped before sentence, and the appeal was dismissed, he would not be, upon his subsequent apprehension, entitled to another appeal.

3. Same.—But the practice now in force is that laid down in Article 794 of the Code of Criminal Procedure, which provides as follows: "When an appeal is taken in cases of felony where a verdict prescribes the death penalty, sentence shall not be pronounced, but shall be suspended until the decision of the Court of Appeals has been received. In all other cases of felony, sentence shall be pronounced before the appeal is taken; and, upon the affirmance of the judgment by the Court of Appeals, the clerk thereof shall at once transmit the mandate of the court to the clerk of the court from which the appeal was taken, there duly to be recorded in the minute book of said court, and a certified copy of this record, under the seal of the court, shall be sufficient authority to authorize and require the sheriff to execute the sentence without further delay." Under this act, this court can not entertain jurisdiction of a non-capital felony case in which sentence has not been passed in the trial court.

4. Same—Case Stated.—In 1874 the appellant was indicted for cattle theft. In October, 1875, he was tried and convicted. but sentence was not passed upon him. From that judgment he appealed to the Supreme Court, which court, upon the organization of this court in 1876, transferred the appeal to this court. Pending the appeal in this court the appellant escaped from custody, and his appeal was dismissed. Appellant was not re-arrested until a few weeks prior to the February term, 1886, of the trial court. Meanwhile the trial court house was destroyed by fire, and all of the papers and records in this cause, save the court's minute book, were consumed. The minute book contains no copy of the indictment upon which the defendant was tried, nor does it contain an entry of any plea interposed by or for him prior to his trial. It contains the judgment rendered on October 19, 1875, but that judgment fails to recite that the defendant pleaded to the indictment, or that a plea was entered for him. At the February term, 1886, the trial court pronounced sentence upon the judgment rendered in 1875, and defendant appeals. The State moves this court to dismiss the appeal because, first, this court has no jurisdiction; second, because, by abandoning his former appeal, the appellant ousted this court of jurisdiction, as provided by Article 845 of the Code of Criminal Procedure; and, third, because by reason of his escape the appellant has exhausted his right of appeal. *Held*, that the motion must be overruled. The defendant's first appeal was not prosecuted under the provisions of the act of 1879, and there was no sentence from which the appeal could be prosecuted until the same was entered at the February term, 1886. After the passage of the act of 1879, no sentence having passed, the case was still pending in the trial court, and the defendant's right of appeal attached only when sentence should be passed. See the opinion *in extenso* on the whole question.

5. Same.—When arraigned for sentence at the February term, 1886, of the trial court, the defendant objected that, in the absence of any indictment charging him with an offense, no sentence could be legally passed upon

him. To this objection it is urged that it does not come within the purview of the Statute (Art. 799 Code Crim. Proc.), which enumerates the only reasons which may be interposed against sentence. But *held,* that the defendant's right to interpose such defense is derived from the higher authority of the Constitution, which declares that "no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in misdemeanor cases."

6. TRANSCRIPT—INDICTMENT—CASE APPROVED.—To sustain a felony conviction, on appeal, it is indispensable that the transcript bring up the original indictment against the appellant, or, if that has been lost, a substitute indictment supplied in the manner prescribed by law. Note the approval, upon the same question, of Beardall's case, 4 Texas Court of Appeals, 681.

7. PRACTICE—PLEA.—It is essential to the sufficiency of a conviction that the defendant pleaded to the indictment, or that the plea of not guilty was entered for him, which fact, on appeal, must appear in the final judgment brought up with the record.

APPEAL from the District Court of Parker. Tried below before the Hon. R. E. Beckham.

The opinion states succinctly, but amply and clearly, the proceedings in the court below, from which this appeal is prosecuted.

*McCall & McCall,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This record fails to show the indictment, or a certified copy of the indictment, upon which defendant was tried and convicted.

As gathered from the record the facts of the case are briefly these: Appellant was indicted in 1874 for theft of cattle. On the nineteenth of October, 1875, he was tried and convicted; the verdict and judgment assessing his punishment at two years confinement in the penitentiary. From this judgment he appealed to the Supreme Court, and the appeal was transferred from that to this court, after this court was organized. Pending the appeal in this court the appellant made his escape from custody, and his appeal was dismissed upon the motion of the Assistant Attorney General on account of said escape. Under the law, as in force at the time his appeal was taken to the Supreme Court, it was not required, nor allowed, that the lower court should pass sentence upon a party convicted of felony as a prerequisite or condition precedent to the appeal; on the contrary, such sentence

was expressly inhibited and suspended until the decision of the Supreme Court had been received by the lower court. (Pasc. Dig., Art. 3148; Bozier v. The State, 5 Texas Ct. App., 221; Smith v. The State, 41 Texas, 352.)

Under the law as it then existed, it was further held that if a party convicted appealed and escaped before sentence, and the appeal had been dismissed, upon his subsequent apprehension and sentence he would not be entitled again to appeal. (Brown v. The State, 5 Texas Ct. App., 546.)

. But the rules of practice and procedure were entirely changed by the Act of 1879, which provides that, "When an appeal is taken in cases of felony where the verdict prescribes the death penalty, sentence shall not be pronounced, but shall be suspended until the decision of the Court of Appeals has been received. In all other cases of felony, sentence shall be pronounced before the appeal is taken," etc. (Code Crim. Proc., Art. 794.) Under this last act it has been held that the court will not entertain jurisdiction of a non- capital felony case, wherein sentence has not been pronounced in the court below. (Hart v. The State, 14 Texas Ct. App., 323; Walters v. The State, 18 Texas Ct. App., 8.)

After his escape the appellant continued a fugitive until he was again arrested, a few weeks prior to the February term, 1886, of the district court. Meanwhile, during his escape, the court house of Parker county was destroyed by fire, with all the papers and records in the cause, except the minute book of the court. This minute book contains no copy of the indictment upon which the defendant was tried; it contains no entry of any plea made by defendant prior to the trial. It does contain the judgment which was rendered on the nineteenth of October, 1875, but that judgment fails to recite the fact that the defendant ever entered a plea in said cause.

At the February term, 1886, amongst other proceedings in the case, the district attorney moved the court to pass sentence upon the defendant in conformity with the verdict and judgment rendered against him on October 19, 1875. Defendant objected because there was no indictment on file in the lower court, nor any substitute of any indictment, charging defendant with any offense whatever, and that, therefore, no sentence could lawfully be passed upon him. His objection was overruled, sentence was pronounced, and the defendant again presents this, his appeal from the sentence.

A motion is now made by the Assistant Attorney General to dismiss this appeal, based upon three grounds, viz:

"1. This court has no jurisdiction to hear and determine the same.

"2. Appellant has had one appeal in this cause and abandoned the same by escaping from custody, and hence, by the provisions of Article 845, Code Criminal Procedure, jurisdiction of this court *can no longer attach in the case.*

"3. Appellant, by abandoning his first appeal in this cause, and remaining a fugitive from justice for years, has exhausted his remedy by appeal in this cause."

Appellant, on the other hand, contends: first, that the judgment, rendered on the nineteenth day of October, 1875, is a nullity because it is not made to appear by the record, or by said judgment, that any plea had ever been interposed by defendant, or that *any* issue was ever submitted for trial in said case; second, that no sentence could be legally pronounced against him, without there being, at the time, in the court an indictment authorizing the infliction of punishment upon him.

Had the appellant's first appeal been prosecuted under the provisions of the act of 1879 (Code Crim. Proc., Art. 794), then, indeed, this motion of the Assistant Attorney General would doubtless have been maintainable under the decision in the case of Brown v. The State, 5 Texas Court of Appeals, 546, *supra.* But, as before stated, the appellant had not been sentenced when the appeal was taken, and, notwithstanding all previous proceedings had in the case, and notwitstanding said appeal, it was still absolutely essential that he should be sentenced before the judgment could be carried into effect, and he be legally incarcerated in the penitentiary by virtue thereof. In reference to this sentence, in so far as his right of appeal was concerned, the law had been changed, and with the change the sentence had become a pre-requisite or condition precedent to his right of appeal. He had never appealed from a sentence, and such a right was clearly given, even though the judgment upon which the sentence was pronounced had been rendered before the law was amended.

It is a general rule with regard to trials, and the proceedings on trials in courts, that the law existing at the time of the trial, or time of the proposed proceedings, is to furnish the rule by which it is to be governed. Appellant's previous appeal did not, and could not, exhaust a remedy which did not, and could not,

have existed at the time it was taken, to-wit, an appeal from the sentence. After the passage of the act of 1879, no sentence having been passed, the case was one still pending in the lower court until that important step should be taken. When it was sought to inflict the punishment by sentence, then, under the law, defendant-had the right of appeal upon the whole case, sentence included, because the trial, at that time, was incomplete in the lower court without a sentence. When thus completed, he had the right to ask a judgment of this court upon the whole case as completed, in order that it might be here determined whether he could be legally punished under the judgment as rendered and sentence as pronounced.

Applying these rules, appellant has a right of appeal from his sentence under the law now in force. (Walters v. The State, 18 Texas Ct. App., 8.) The motion of the Assistant Attorney General is therefore overruled.

Being legally before us by appeal, we will now consider the record as it is presented to us, with reference to the questions raised by appellant.

As before stated, the indictment and all the papers and records in the case had been destroyed by fire before defendant was brought into court for sentence, and he objected to the sentence because there was no indictment whatever on file in the court below charging him with any offense. No effort was made to substitute the indictment, and the record here before us contains no indictment against the appellant.

But it is said that the appellant could not be heard to urge such a fact as a reason why sentence should not be pronounced upon him, because, under the statute (Code Crim. Proc., Art. 799), the only reasons that can be shown on account of which sentence can not be pronounced are declared by statute, and the one interposed by defendant is not one of the four therein enumerated.

Appellant's right to such a defense to the sentence is, in our opinion, derived from a higher source than the statute. It is a guarantee of the Constitution that "no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in misdemeanor cases. (Const., Art. 1, sec. 10.) If he can not be held to answer, *a fortiori*, he can not be punished for a felony without indictment.

As here presented the case is, in every respect, analogous to Beardall's case, 4 Texas Court of Appeals, 631. In that case it

is said: "We have searched in vain for an adjudicated case where the prosecution was by indictment, in which a judgment of conviction has been sustained when the record failed to show the indictment, or, if the original indictment had been lost, a substituted indictment." (Citing Hitchcock v. The State, 21 Ind., 279; and Buckner v. The State, 56 Ind., 208.) We have since found one such case, Smith v. The State, 4 Green, Iowa, 189, but it is without a single authority to support it. The rule as declared in Beardall's case, has been frequently approved and followed by this court. (Beardall v. The State, 9 Texas Ct. App., 262.) An indictment is as essential to the validity of a sentence as it is to a judgment of conviction. (Pierce v. The State, 14 Texas Ct. App., 365; Turner v. The State, 16 Texas Ct. App., 318.) A conviction can not stand in this court when the transcript fails to bring up an indictment or information. (Harwood v. The State, 16 Texas Ct. App., 416; and Bridges v. The State, 17 Texas Ct. App., 579.)

"In Mount v. The State, 14 Ohio, 295, the indictment was lost or stolen after verdict of guilty. The court say: 'It was not indispensible to the sentence that the *original* indictment should be before the court. If lost or destroyed by accident, or by the fraud or design of the plaintiff in error, or stolen by him or another, and the prosecution were not in fault, its place might have been supplied by a copy, like any other record or pleading.'"

But again, it is claimed by appellant that the judgment upon which the court pronounced the sentence against him was a nullity, because the record no where shows that appellant ever pleaded to the indictment, and that without a plea there was no issue to try or to be determined by the court.

By the statute in force at the time the judgment was rendered it was provided that, if the defendant answer that he is not guilty, the same shall be entered upon the minutes of the court. If he refuse to answer, the plea of not guilty shall in like manner be entered. (Pasc. Dig., Art. 2942.) This same statute has been carried forward into the revision (Code Crim. Proc., Art. 517), and, in addition thereto, it is now further required that the final judgment shall show the plea of the defendant. (Code Crim. Proc., Art. 791, sub-div. 3.) It has been uniformly held in this State that the statute requiring the plea of the defendant, in a criminal case, to be entered upon the minutes of the court, was mandatory. (Stacy v. The State, 3 Texas Ct. App., 121; Parch-

man v. The State, 3 Texas Ct. App., 225; Satterwhite v. The State, 3 Texas Ct. App., 428; Early v. The State, 1 Texas Ct. App., 248; The People v. Corbett, 28 Cal., 328; The People v. Leitner, 40 Cal., 226; The State v. Mathews, 20 Mo., 55; Sperry v. Commonwealth, 9 Lee, 623; Anderson v. The State, 3 Pinney, Wis., 367.) In fact there is an unbroken line of decisions from Mayfield's case, 40 Texas, 290, to Roe's case, 19 Texas Court of Appeals, 89, affirming and reiterating the same doctrine whenever the question was presented. Mr. Bishop says: "Without a plea there can be no valid trial, nor will the proceeding be rendered good by the fact that the defendant went to trial voluntarily, and without objection, knowing there was no plea." (1 Bish. Crim. Proc., 3 ed., sec. 733.)

The record and judgment in this case failing to show that such a plea was entered by defendant before the trial, the judgment upon which the sentence was pronounced was a nullity.

Because the appellant was sentenced without there being any indictment against him in the court below, and because the judgment upon which he was sentenced was void for the want of a plea at the trial, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*