**James Earl McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42317.**

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

Glenn Hausenfluck, Ft. Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Asst. Dist. Atty., Ft. Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

James Earl McGee was convicted in Cause No. 74,317 in Criminal District Court No. One, Tarrant County, Texas, for robbery with firearms and was sentenced to a term of not less than 5 years nor more than 99 years in the Texas Department of Corrections. On May 3, 1968, he gave notice of appeal.

On January 11, 1969, and prior to the filing of the record on appeal in said cause in this court, appellant escaped from the Tarrant County Jail and custody of the Sheriff. He did not voluntarily return to the custody of the Sheriff within 10 days after his escape, but was recaptured and returned to the Tarrant County Jail on January 24, 1969.[1]

On March 17, 1969, Tarrant County Sheriff Lon Evans made affidavit to the above facts showing such escape and failure to voluntarily return, and the Criminal District Attorney of Tarrant County filed motion in the trial court to dismiss the appeal in said Cause No. 74,317 based on appellant's having escaped from custody pending appeal. (Arts. 44.09 and 44.10 Vernon's Ann.C.C.P.) The affidavit of Sheriff Evans was attached and made a part of said motion.

On March 28, 1969, the trial judge conducted a hearing on the state's motion to dismiss the appeal, appellant and his coun-

---

1. The same escape from custody resulted in the dismissal of appellant's appeal from another conviction in McGee v. State. 436 S.W.2d 340. In that case the record on appeal had been filed in this court prior to the escape.

sel being present, and hearing was had over objection of appellant's court appointed counsel that the trial court was without jurisdiction.

At the conclusion of the hearing the trial court filed his findings of fact and conclusions of law and directed that the Court Reporter prepare a statement of facts of the courtroom proceedings in connection with the state's motion to dismiss the appeal and file same with the Clerk of the court, and directed that the Clerk file same and prepare a transcript consisting of the motion to dismiss; notice of the hearing on the motion; statement of facts on the motion; and his findings and conclusions, and transmit such transcript to the Clerk of this Court for appropriate action on the motion.

One of the conclusions of the trial judge was that as a matter of law Art. 44.09, supra, is so written as to give only the Court of Criminal Appeals the right to dismiss the appeal on motion of the appellee.

The only authority for dismissing an appeal because the defendant has escaped from custody is found in the statutes which now appear as Articles 44.09 and 44.10 V.A.C.C.P., which read:

"*Art 44.09*. If the defendant, pending an appeal in the felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; and in cases where the punishment inflicted by the jury is death or confinement in an institution operated by the Department of Corrections for life, the court may in its discretion reinstate the appeal if the defendant is recaptured or voluntarily

surrenders within thirty days after such escape."

"*Art. 44.10*. When any such escape occurs, the sheriff who had the prisoner in custody shall immediately report the fact under oath to the district or county attorney of the county in which the conviction was had, who shall forthwith forward such report to the State prosecuting attorney. Such report shall be sufficient evidence of the fact of such escape to authorize the dismissal of the appeal."

As to felonies other than those where the punishment assessed is death or confinement for life, these statutes have not been materially changed since they became a part of the Code of Criminal Procedure in 1876.

Prior to the 1965 Code of Criminal Procedure an appeal was taken by giving notice thereof in open court during the term and having the same entered of record. (Art. 827 C.C.P., 1925.)

The effect of an appeal was to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the appellate court was received by the court from which the appeal was taken. (Art. 828 C.C.P., 1925.)

Art. 829 C.C.P. (1925) allowed notice of appeal after sentence. Art. 823 C.C.P. (1925) provided "the transcript may be filed in the Court of Criminal Appeals and the case tried in that court while the court in which the conviction was had is yet in session."

In Bundick v. State (1910) 59 Tex.Cr.R. 9, 127 S.W. 543, this court held that though the motion for new trial had been overruled and notice of appeal given, the case could not be considered as pending in the Court of Criminal Appeals as long as the term was in session *unless* the transcript had been taken out during the term and filed in this court.

The holding in Bundick v. State, supra, was predicated on the fact that the district court had jurisdiction of its proceedings until the expiration of the term and could correct or revise any of its judgments or orders, subject to the exception contained in the statute (then Art. 897 White's Code of Criminal Procedure) which provided that the transcript may be filed in the Court of Criminal Appeals and the case tried and determined in said court while the district court in which the conviction was had is yet in session. (Art. 823 C.C.P., supra)

Other early cases make it clear that escape before sentence does not affect the right of appeal nor the jurisdiction of this court. Walters v. State, 18 Tex.App. 8; Pate v. State, 21 Tex.App. 191, 17 S.W. 461.

Under the present statute the trial court does not lose jurisdiction until the appellate record is filed in the Court of Criminal Appeals. Art. 44.11 V.A.C.C.P.

Section 12 of Art. 40.09 C.C.P. (1965) as amended in 1967, makes it the duty of the trial judge to decide from the appellate briefs whether the defendant "shall be granted a new trial by the trial court." The trial court does not lose this authority until the appellate record is filed in the Court of Criminal Appeals.

The record on appeal not having been filed in this court prior to appellant's return to custody of the sheriff following his escape from jail, the trial court retained jurisdiction (Art. 44.11, supra) and neither this court nor the trial court has authority under Arts. 44.09 and 44.10, supra, to dismiss the appeal. Bundick v. State, supra.

The record transmitted to this court cannot be considered as an appeal from the conviction in Cause No. 74,317, neither the sentence, notice of appeal or other matters designated by Sec. 1 of Art. 40.09 V.A.C.C.P. being included.

For want of an appellate record the appeal is dismissed.