Harvey D. WEBB, Appellant,

v.

The STATE of Texas, Appellee.

No. 42420.

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

Grady Hight, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., and Truman Power, Ronald W. Quillin and Rufus J. Adcock, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Harvey D. Webb was convicted in Criminal District Court No. 3 Tarrant County, Texas, for robbery with firearms and his punishment was assessed at 25 years in the penitentiary. On February 24, 1969, sentence was pronounced and notice of appeal was given.

The record on appeal was filed in this court on August 6, 1969. On the following day the state filed motion to dismiss the appeal because, pending appeal, appellant had escaped from the custody of L. E. Sublett, Sheriff of Eastland County.

The affidavits of Lon Evans, Sheriff of Tarrant County, and of L. E. Sublett, attached to and made a part of the state's motion to dismiss reflect that after notice of appeal herein was given, appellant was taken on Bench Warrant to Eastland County where he was tried and convicted of the crime of rape and gave notice of appeal from such conviction and that thereafter, on May 27, 1969, he escaped from the Eastland County Jail and from the custody of Sheriff L. E. Sublett, who held him in custody by virtue of the Bench Warrant.

In the absence of any showing that appellant had been returned to custody prior to the filing of the record on appeal in this court (August 6, 1969) our recent opinion in McGee v. State, Tex.Cr.App., 445 S.W.2d 187, would control. However, our State's Attorney has filed a motion to dismiss the appeal (designated "State's Supplemental Motion to Dismiss") supported by the affidavit of Sheriff Lon Evans attached thereto, which reflects that appellant escaped from the Eastland County Sheriff on May 27, 1969, and "was in escape status until he was captured on the 13th day of October, 1969, by the authorities in the State of Oklahoma."

As pointed out in McGee v. State, supra, the trial court does not lose jurisdiction until the appellate record is filed in this court. The fact that the record on appeal was filed in this court prior to appellant's return to custody following his escape from jail after sentence and notice of appeal, distinguishes this case from McGee v. State, supra.

The state's motion to dismiss the appeal is granted and the appeal is dismissed.