**Ex parte Edmond Leon LEOPARD.**

**No. 49802.**

Court of Criminal Appeals of Texas.

March 26, 1975.

Rehearing Denied April 16, 1975.

---

Bill Pemberton, Court appointed, Greenville, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a post conviction habeas corpus proceeding.

Leopard was convicted November 3, 1967, in the District Court of Hunt County for the offense of burglary with intent to commit theft. Two prior convictions were alleged for enhancement under Article 63, Vernon's Ann.P.C. His punishment was assessed at life. Notice of appeal was given and the record was filed in the Court of Criminal Appeals.

On May 28, 1968, while such appeal was pending, he escaped from custody and was arrested June 24, 1968, in the State of Washington. Because of his escape, the appeal was dismissed by this Court on June 12, 1968, in accordance with Article 44.09, Vernon's Ann.C.C.P.[1] Leopard v. State, Tex.Cr.App., 429 S.W.2d 150. Since the dismissal, this Court denied relief under his application for a writ of habeas corpus. He then sought relief by way of habeas corpus in the United States District Court, Northern District of Texas. The matter was referred to the Honorable Patrick H. Mulloy, United States Magistrate. The Magistrate noted that Article 44.09, supra, had been held unconstitutional by the Court of Appeals for the Fifth Circuit in Dorrough v. Estelle, 497 F.2d 1007. Before that case became final, the Magistrate recommended:

"It appears that the Petitioner Leopard is entitled to the relief effected by Dorrough v. Estelle, supra. Leopard must be provided a direct appeal. Unless the State provides him a direct appeal or a new trial within a reasonable time, if an effective appeal is not possible, then the relief sought should be granted the Petitioner."

On November 8, 1974, based upon that recommendation, the Honorable Eldon Mahon, United States District Judge, ordered that Leopard should be released from custody because of such conviction unless he was granted an out-of-time appeal within sixty days.

On December 3, 1974, Leopard filed a pauper's affidavit in the 196th District Court of Hunt County. The Honorable W. C. Dowdy, presiding, appointed the

1. Article 44.09, V.A.C.C.P., provides: "If the defendant, pending an appeal in the felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; and in cases where the punishment inflicted by the jury is death or confinement in an institution operated by the Department of Corrections for life, the court may in its discretion reinstate the appeal if the defendant is recaptured or voluntarily surrenders within thirty days after such escape."

Honorable Bill Pemberton to represent Leopard. Another hearing was held in that court. Judge Dowdy then made findings of fact and conclusions based largely on those of the magistrate in federal court. He appointed Pemberton to represent Leopard on the out-of-time appeal.

On February 1, 1975, the Honorable Eldon Mahon entered the following Order:

"On November 7, 1974, this Court entered its order granting to the Petitioner an out-of-time appeal from his criminal conviction and life sentence under State Cause No. 9892, 196th District Court, Hunt County, Texas. In the alternative, the order provided for the dismissal of all charges pending against the Petitioner in Cause No. 9892 and his release from all custody, restraint and restriction of any kind resulting from criminal charges pending against him in State Cause No. 9892 unless he be provided with such out-of-time appeal within a sixty (60) day period to be extended for good cause shown.

"The Respondent was to file a written statement setting forth action taken pursuant to such order promptly on termination of the sixty (60) day period.

"No action was taken by the Respondent to extend the sixty (60) day period fixed in such order.

"On January 20, 1975, and pursuant to this Court's order of November 7, 1974, the Respondent filed his statement purportedly in compliance with the requirements of this Court's order of November 7th and setting forth the action taken pursuant to the November 7th order. That statement and the attached Findings and Conclusions of the 196th Judicial District Court of Hunt County and order under State Writ No. 134 are urged by the Respondent as compliance with this Court's order and as being a grant of an out-of-time appeal with counsel to represent the Petitioner.

"On January 20, 1975, and after the sixty (60) day period provided for in this Court's order of November 7, 1974, the Petitioner filed his Motion for Discharge from Custody Pursuant to the terms of this Court's Order of November 7, 1974.

"Also under consideration at this time are the Petitioner's application for release from custody filed January 22, 1975, with supporting memorandum and the Respondent's opposition to such release filed January 27, 1975.

"Also considered here is the Respondent's Motion for Stay filed January 27, 1975.

"In essence the Respondent asserts compliance with this Court's order of November 7, 1974, by the action of the state convicting court recommending to the Texas Court of Criminal Appeals pursuant to Art. 11.07, V.A.C.C.P., that the Petitioner be granted post-conviction relief by the appellate court's reinstatement of the Petitioner's appeal from his conviction under State Indictment No. 9892 which was originally dismissed by the appellate court on the State's motion June 12, 1968.

"The Petitioner urges that this is not compliance with the order or, if compliance, that it is not timely nor was an appropriate extension of time for good cause shown sought pursuant to such order.

"The Court finds:

"1. That the action taken by the convicting court on behalf of the Petitioner under State Writ No. 134 now set for submission before the Texas Court of Criminal Appeals February 26, 1975, was in substantial compliance with this court's order of November 7, 1974, in that such action put into motion the necessary legal process to secure to the Petitioner an out-of-time appeal required by the determination of this Court within the sixty (60) day period. What is clear, however, is the failure of the Respondent under such circumstances to make appropriate timely application to

this Court for an extension of time for good cause shown, grounded on the state action that had been taken within sixty (60) days.

"The purpose of the order of November 7th was to effectively secure to the Petitioner his constitutional right to an out-of-time appeal, the time limit being part of the necessary mechanics of accomplishing that purpose. The neglect of the Respondent in his duty to the court under such circumstances to timely seek an appropriate extension of that order for good cause could not negate the substantial compliance commenced by the actions of the state trial court in its order of December 3, 1974, well within the required sixty (60) day period.

The court strongly disapproves of the lackadaisical handling of this matter by the Respondent. However, the writ of habeas corpus must not be deterred from its meaningful purpose of insuring constitutional claims by side issues injected through simple carelessness. The court will see that the Petitioner is afforded an effective out-of-time appeal or will insure his release from custody, but such action as will be taken by this Court will not hinge on the technical failure of either party as exhibited in this instance. Any further such failures would be another and different matter.

"2. In connection with the recent rash of pleadings that the Court has been required to handle as a consequence of the inaction of the Respondent there is a motion by the applicant to secure his release from his present imprisonment pending the ultimate compliance with this Court's order of November 7, 1974. The Court has reviewed that application and memorandum in support and is of the opinion that the matter of compliance with the final order of this Court previously entered on November 7, 1974, has no direct relation to the guilt or innocence of the Petitioner but was solely in recognition of and to effect a constitutional right denied the applicant. The

Court believes that any release under such circumstances would be, in fact, discretionary with the Court. Glynn v. Donnelly, 1st Cir. (1972) 470 F.2d 95. Only when extraordinary or exceptional circumstances exist which make the granting of release necessary to make the habeas remedy effective should release be permitted. Calley v. Calloway, 5th Cir. (1974) 496 F.2d 701. The Court is of the opinion that such extraordinary or exceptional circumstances do not exist in this instance.

"3. On January 27, 1975, the Respondent moved the Court to stay the effect of the judgment of November 7, 1974, on the grounds that the basic issue determined here is the same presented in the state's petition for certiorari filed October 24, 1974, in the United States Supreme Court under that Court's docket No. 74–479, Estelle v. Dorrough, 43 L. W. 3336 [—— U.S. ——, 95 S.Ct. 1173, 43 L.Ed.2d 377]. The motion for stay is denied at this time, without prejudice, to the state's right to reurge that if their pending application for certiorari is granted by the United States Supreme Court.

"IT IS, THEREFORE, ORDERED that:

"1. The Petitioner's 'Motion for Entry of Order Sustaining Writ of Habeas Corpus' filed January 20, 1975, is denied. The Respondent will immediately report to this Court the decision of the Texas Court of Criminal Appeals on State Writ No. 134 before that Court from the 196th Judicial District Court, Hunt County, Texas, now set for submission on February 26, 1975.

"2. The Petitioner's application for release is denied in the discretion of the Court on the finding that no extraordinary or exceptional circumstances exist requiring the granting of such release.

"3. The motion for stay filed by the Respondent January 27, 1975, is denied with leave to reapply should their pend-

ing application in the United States Supreme Court under docket no. 74–479 be granted.

"* * * *."

After all of the above proceedings, the Supreme Court of the United States on March 17, 1975, in W. J. Estelle, Jr., Director, Texas Department of Corrections v. Jerry Dorrough, No. 74–479, —— U.S. ——, 95 S.Ct. 1173, 43 L.Ed.2d 377, upheld the ruling of the Honorable William M. Taylor, Jr., Chief Judge of the United States District Court, Northern District of Texas, and overruled the Fifth Circuit case, Dorrough v. Estelle, supra.

The Supreme Court wrote:

"The Court of Appeals correctly recognized that there is no federal constitutional right to state appellate review of state criminal convictions. McKane v. Durston, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867 (1894); Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Ross v. Moffitt, 417 U.S. 600, 610–611, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Disposition by dismissal of pending appeals of escaped prisoners is a longstanding and established principle of American law. Note, 18 Geo.Wash.L. Rev. 427, 429 (1950). This Court itself has long followed the practice of declining to review the convictions of escaped criminal defendants. Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1876); Bonahan v. Nebraska, 125 U.S. 692, 8 S. Ct. 1390, 31 L.Ed. 854 (1887); Eisler v. United States, 338 U.S. 189, 883, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949); cf. Allen v. Rose, 419 U.S. 1080, 95 S.Ct. 669, 42 L. Ed.2d 675 (December 16, 1974). Thus in Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), we dismissed the appeal of an escaped criminal defendant, stating that no persuasive reason exists to adjudicate the merits of such a case and that an escape 'disentitles the defendant to call upon the resources of the Court for determination of his claims.' Id., at 366, 90 S.Ct. 498.

In Allen v. Georgia, 166 U.S. 138, 17 S. Ct. 525, 41 L.Ed. 949 (1897), we upheld as against a constitutional due process attack a state court's dismissal of the appeal of an escaped prisoner and its refusal to reinstate the appeal upon his later recapture. See also National Union v. Arnold, 348 U.S. 37, 43, 75 S.Ct. 92, 99 L.Ed. 46 (1954).

"The Texas courts have found similar ends served by Art. 44.09. It discourages the felony of escape and encourages voluntary surrenders. [Footnote 5: Rodriquez v. State, 457 S.W.2d 555, 556 (Tex.Cr.App.1970)] It promotes the efficient, dignified operation of the Texas Court of Criminal Appeals. [Footnote 6: Loyd v. State, 19 Tex.Cr.R. 137, 155 (1885). See also Note, 18 Geo.Wash.L. Rev. 427, 430 (1950).]"

and,

"Criminal defendants in Texas are subject to relatively stringent time limits for filing their appeals. [Footnote 10: See Tex.Code of Crim.Proc. Arts. 40.05, 40.09, 44.08, et seq. For example in the cases cited by the lower court as involving pre-appeal escapes with subsequent appeals, the appellants forfeited substantially all of their appeal through failure to file a timely record or bill of exceptions. Webb v. State, 460 S.W.2d 903 (Tex.Cr.App.1970); McGee v. State, 445 S.W.2d 187 (Tex.Cr.App.1969). In Texas the trial judge has the power to file the record with the Court of Criminal Appeals and if he does so prior to recapture of an escaped defendant, the appeal is dismissed under Art. 44.09. Webb v. State, 449 S.W.2d 230 (Tex.Cr.App. 1969); Redman v. State, 449 S.W.2d 256 (Tex.Cr.App.1970); Ballage v. State, 459 S.W.2d 823 (Tex.Cr.App.1970).] Since an escaped defendant cannot comply with the required appellate steps during the time he is not confined, these time limits serve much the same function as Art. 44.09. Whatever difference in treatment exists between the class of prisoners who escape, return, and are

nonetheless able to file an appeal, and those whose appeals are dismissed pursuant to Art. 44.09, is sufficiently rational to withstand a challenge based on the Equal Protection Clause. Texas was free to deal more severely with those who simultaneously invoked the appellate process and escaped from its custody than with those who first escaped from its custody, returned, and then invoked the appellate process within the time permitted by law. While each class of prisoners sought to escape, the first did so in the very midst of their invocation of the appellate process, while the latter did so before returning to custody and commencing that process. If Texas is free to adopt a policy which deters escapes by prisoners, as all of our cases make clear it is, it is likewise free to impose more severe sanctions on those whose escape is reasonably calculated to disrupt the very appellate process which they themselves have set in motion. [Footnote 11: The peculiar problems posed by escape of a prisoner during the on-going appellate process were explored in Loyd v. State, 19 Tex.Cr.R. 137 (Tex.Cr.App.1885) in the course of upholdng the constitutionality of this statute: ' . . . (L)et us suppose that the convict, pending his appeal, should escape and remain at large twenty or thirty days; what disposition should be made of his appeal? . . . Should this court wait until his return to custody? How long must it wait? Until it suits the prisoner's convenience? . . . (W)e are of the opinion that (Article 44.09) is not only reasonable but eminently wise.' Id., at 155. See, e. g., Allen v. Georgia, 166 U.S. 138, 141, 117 S. Ct. 525, 41 L.Ed. 949 (1897).] Ross v. Moffitt, 417 U.S. 600, 610, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

"The motion of respondent for leave to proceed *in forma pauperis* and the writ of certiorari are granted and the judgment of the Court of Appeals for the Fifth Circuit is *Reversed."*

Based upon the decision of the Supreme Court of the United States and our previous decisions, the out-of-time appeal and the relief sought is denied.[2]

2. See Article 11.07, V.A.C.C.P.; and Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.