Sherrell Gene AUSTELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 61588.

Court of Criminal Appeals of Texas, En Banc.

Sept. 15, 1982.

James P. Finstrom, Dallas, Martin Underwood, Comstock, for appellant.

G. Dixon Mahon, Dist. Atty., Ozona, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

On July 28, 1972, a jury found the appellant guilty of kidnapping for extortion. Since then, the course of the law has not run smooth. The appeal has yet to be resolved; in fact, we hold that it is incapable of resolution. The judgment cannot stand.

On August 3, 1972, when punishment was assessed and the judgment and sentence were entered,[1] the appellant gave notice of appeal and asked the court to order the court reporter to prepare a statement of facts "including all Motions filed the 27th day of July, 1972 before the case was called, all of the voir dire pertaining to the selection of the jury, and all Statements of Facts pertaining to the actual jury trial of said case." The court reporter, in fact, had taken stenographic notes of all those proceedings.

On December 21, 1972, the reporter had not produced the statement of facts. The trial court found that the reporter had a "crowded calendar." It extended the time for filing the appellant's brief until 30 days after receipt of the statement of facts.[2]

On January 11, 1973, the appellant escaped from jail. The State moved to dismiss the appeal.[3] Its motion was filed in the trial court, but not in this court. The trial court found that the appeal was "moot" and ordered the county to pay the appellate attorneys' fees. On or about July 25, 1973, the trial court dismissed the appeal. This it had no authority to do, for Article 44.09 of the Code of Criminal Procedure gives only to the appellate courts the authority to dismiss the appeal of a defendant who escapes from custody after he gives notice of appeal. *McGee v. State*, 445 S.W.2d 187 (Tex.Cr.App.1969).

The record does not show when the appellant returned to custody, but it shows that by January 22, 1975, he had written to the trial court (from the Department of Correc-

1. The record does not disclose why all these things were done on the same day, or why, 11 days later, the court granted the appellant a 10-day extension of time to file a motion for new trial. (No motion for new trial was filed, it seems.) The prescribed course of events would have been for the assessment of punishment to have been made forthwith and judgment entered on the day of verdict, the motion for new trial to have been filed within 10 days and determined within 20 more days, and sentence to have been pronounced thereafter. See the then-effective versions of V.A.C.C.P. Arts. 37.-07(2)(e), 40.05, and 42.03, § 1.

2. This was another puzzling ruling, for the appellant could not have been required to have filed his brief until after the record had been approved. V.A.C.C.P. Art. 40.09(9). It would not have been complete and ready for approval without the statement of facts.

3. The motion bears no date.

tions) requesting a statement of facts, and the trial court had instructed the court reporter to prepare such a statement of facts. By August 8, 1978, he was able to prepare a statement of facts of the jury trial and the hearing on a motion for change of venue, but he had destroyed his notes on the arraignment, the "voir dire jury selection," and the "sentencing proceedings." No statement of facts of these proceedings is available.

After some more procedural vicissitudes,[4] the appeal is before us without a statement of facts. The only proceeding which the appellant had originally asked to be transcribed, but which cannot be transcribed, is the voir dire examination of the prospective jurors. The question is' whether he has been deprived of a complete statement of facts.

The trial court concluded that he had not, under the rule of *Ex parte Jones,* 562 S.W.2d 469 (Tex.Cr.App.1978), that the failure of the trial court to have the court reporter take shorthand notes of the voir dire examination is not reversible error in the absence of an allegation of harm. The rule simply has no application to the facts of this case. The trial court did not fail to honor a request that the voir dire examination be recorded; in fact, the reporter took stenographic notes of the voir dire examination.

■ The problem is that, despite the appellant's request that those notes be transcribed, they were destroyed after the trial court declared the appeal "moot" and dismissed it. The trial court had no authority to do so, as we have noted. When an appellant gives notice of appeal, the court must transmit an appellate record to the appellate court; there are very few exceptions to this rule, and the appellant's escape from custody is not one of them. Even after an escape, the appellate record must be sent to the appellate court so that it may dismiss the appeal. *McGee v. State,* 445 S.W.2d 187 (Tex.Cr.App.1969). If the appellant is back in custody when the record reaches the appellate court, the appeal will be not be dismissed, but will be treated regularly. *Webb v. State,* 460 S.W.2d 903 (Tex.Cr.App.1970). The unavailability of the complete statement of facts was caused, not merely by the appellant's escape, but by the trial court's failure to follow the appellate procedure which the statutes require even in the case of an escape.[5]

■ When an appellant, through no fault of his or his counsel's, is deprived of a part of the statement of facts which he diligently requested, the appellate court cannot affirm the conviction. *Gamble v. State,* 590 S.W.2d 507 (Tex.Cr.App.1979). This unusual case comes within that rule.

The judgment is reversed and the cause is remanded.

---

4.  After the trial court instructed the court reporter to prepare the statement of facts, more than 2 years passed without action. In 1977, the appellant filed motions and a habeas corpus petition. After unexplained delays, the petition reached this court and, in 1978, we granted an out-of-time appeal. An attorney was appointed and, in 1979, the appellate record reached us. On September 24, 1979, we dismissed the appeal because the record showed an escape. Our action was wrong, because the record also showed that the appellant was back in custody. *Webb v. State,* 460 S.W.2d 903 (Tex.Cr.App.

1970). Therefore, we reinstated the appeal on January 9, 1980, and abated it, ordering the trial court to produce, within 60 days, findings on the procedural history of the case and to give the appellant such relief as might be required (including a new trial). The trial court complied with our 60–day order, 293 days after it issued, by making findings of fact; it granted no relief.

5.  Other examples of failure to follow appellate and postconviction procedures are mentioned in nn. 1, 2, and 4, supra.