**Rodolfo RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–137–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 30, 1985.

Rehearing Denied Oct. 10, 1985.

J. Manuel Banales, Corpus Christi, for appellant.

Rene Guerra, Edinburg, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted of aggravated robbery. The jury assessed punishment at twenty years in the Texas Department of Corrections. The trial court's docket sheet indicates that notice of appeal was given in open court on the day sentence was pronounced, May 25, 1982. Since then, the course of the appeal has not run smoothly and, as will readily become apparent, the responsibility for this error-plagued appeal must be shared in part by many: by the appellant, the State of Texas, the District Clerk, the trial court and by this Court.

In his sole ground of error, appellant contends he has been deprived of a statement of facts through no fault of his own. It is undisputed that the court reporter's notes have been destroyed and that no statement of facts can be prepared. Despite the lack of a statement of facts and other errors, and despite the fact that the State attempts to confess reversible error

in this case, we affirm the judgment of the trial court.

■ When appellant gave oral notice of appeal in open court on May 25, 1982, the District Clerk should have reduced such notice to writing and forwarded it to this Court. TEX.CODE CRIM.PROC.ANN. art. 44.08(a) (Vernon Supp.1985). This the District Clerk failed to do. Much confusion might have been avoided had the District Clerk informed this Court in May 1982 of appellant's notice of appeal. Such notification has the effect of establishing a cause number in this Court and allows this Court to monitor the progress of an appealed case.

The above omission, however, was only one incident adversely affecting this appeal. The record reflects that, on May 26, 1982, one day after giving notice of appeal, the appellant escaped from the custody of the Hidalgo County Jail. As a result, the appellant failed to pursue his appeal at that time. The record does not show that he complied with any of the provisions of TEX.CODE CRIM.PROC.ANN. art. 40.09.

■ In late June 1982, the State filed a motion *in the trial court* to have the appeal dismissed, citing TEX.CODE CRIM. PROC.ANN. art. 44.09. The State erred in filing its motion to dismiss the appeal with the trial court. The motion should have been directed to this Court. *See Austell v. State,* 638 S.W.2d 888 (Tex.Crim.App.1982); *McGee v. State,* 445 S.W.2d 187 (Tex.Crim. App.1969). Had the State's motion been filed in the proper court, much of the resulting confusion might also have been avoided, for, on July 2, 1982, the trial court, acting upon the motion, purportedly dismissed the appeal. The trial court had no authority to dismiss the appeal, and we hold that the trial court's order did not have the effect of dismissing the appeal. *See Austell v. State,* 638 S.W.2d 888. The State and trial court thus contributed to what was already something less than a model appeal. Apparently no action was taken on this case or the appeal during the

next two and one-half years. The record does indicate that appellant was captured and returned to custody about three months after his escape.

In February 1985, this Court received an inquiry from appellant's counsel concerning the status of appellant's appeal.[1] In a letter dated February 25, 1985, the Clerk of this Court correctly responded to counsel's inquiry and informed him that no notice of appeal in appellant's cause had been filed in this Court.

Thereafter, it appears that, on March 8, 1985 the trial court acted on the "Petitioner's Motion To Cause District Clerk To Forward Notice Of Appeal To the Court Of Appeals" and made various findings of fact and conclusions of law, essentially setting forth the procedural vicissitudes which had occurred in the case up to that point. Following the trial court's action, the District Clerk reduced to writing the oral notice of appeal which had been given by appellant on May 25, 1982. The "reduced" notice of appeal was then received in this Court about three years later on March 13, 1985.

It was here that this Court became involved in appellant's appeal and made its first error. Although not entirely clear from the record, the Clerk of this Court initially did not file the "reduced" notice of appeal. This prompted motions by appellant on March 20 and March 25, 1985, in which appellant requested that this Court order the notice of appeal to be filed immediately. On April 4, 1985 this Court "denied as moot" appellant's motion to file the notice of appeal. In notifying counsel of the Court's ruling, the Clerk of this Court sent counsel the following letter:

The applicant's motion to file notice of appeal in the above cause was denied as moot by this Court on this day. The notice of appeal received on March 13, 1985 is considered filed as of that date. The appellate timetable shall run from this date.

■ This Court's ruling that the motion to file notice of appeal was "moot" was

---

1. It is unclear how appellant's present counsel became involved in the case at this time.

correct. However, the appellate timetable began running when notice of appeal was given on May 25, 1982. We find that the portion of the letter from this Court notifying counsel that the timetable would be altered was incorrect and did not have the effect of altering the appellate timetable. We recognize, however, that counsel for both appellant and the State may have been misled by this letter. While this Court regrets this incident, we ultimately decide that our letter does not affect the material issue involved in this appeal: appellant's diligence in obtaining a statement of facts.

Although the record reflects that, in the period between this Court's receiving the "out of time" notice of appeal on March 13, 1985 and the ruling on appellant's motion on April 4, 1985, the appellant was taking action in the trial court below to pursue the appeal, we ultimately decide that this effort was late by two years. Nonetheless, we set forth the steps taken by appellant to pursue an appeal because this Court, again, may have contributed to the parties' confusion.

On March 22, 1985, appellant requested that the court reporter prepare the statement of facts. On May 20, 1985 counsel filed with the District Clerk a designation of record on appeal and a single motion in this Court to extend the time for filing a designation of record and for supplementing the transcript with the letter of designation. We ultimately granted that part of the motion to supplement the record. This Court, however, did not rule upon that part of the motion to extend the time for filing a designation of record. In notifying counsel of this Court's ruling on his motion, a letter sent by the Clerk of this Court stated:

> The applicant's motion to supplement the transcript was GRANTED by this Court on this date. The supplemental transcript is due in this Court on or before June 20, 1985.

In so notifying counsel, we now recognize that he may have been misled thinking that his motion (to extend the time) was granted. In short, we did not extend the time

for filing a letter of designation. Admittedly, the communication to counsel was less than clear. However, we point out that the Code of Criminal Procedure makes no allowance for an appellate court to extend the time for the filing of a designation. The Code merely allows this Court to extend the time for matters contained only in TEX.CODE CRIM.PROC.ANN. art. 40.-09(3), (6), (7), (9), and (10). The designation of material to be included in the appellate record is controlled by art. 40.09(2).

Both counsel for appellant and the State apparently concluded that the ruling of this Court operated as an extension of time for filing a designation and that therefore appellant's request for the court reporter to prepare a statement of facts was by such purported action timely. Now the appellant seeks reversal of his conviction because a statement of facts cannot now be prepared (court reporter destroyed his notes), and the State seems to agree that the request was timely and that the only alternative is to reverse the judgment of the trial court and remand the cause for a new trial. We do not agree.

While an appellant has the right to a statement of facts, the accused will not be entitled to a reversal of his conviction unless he has used due diligence to obtain a copy of the statement of facts in the first instance. *Castillo v. State*, 595 S.W.2d 552 (Tex.Crim.App.1980); *Robinson v. State*, 661 S.W.2d 279 (Tex.App.—Corpus Christi 1983, no pet.). Accordingly, the ultimate issue in this case is whether appellant used due diligence to obtain the statement of facts. In this cause, appellant gave notice of appeal on May 25, 1982. He was therefore required to file a designation of record with the District Clerk before June 14, 1982. No designation was filed, and appellant did not request a preparation of the court reporter's notes within this time period. *See* TEX.CODE CRIM.PROC.ANN. art. 40.09(2), (5). Art. 40.09(2) provides in pertinent part:

> The failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation

specifying such matter is not timely filed.

It appears from the record that appellant did not timely request a preparation of the court reporter's notes or designate such for inclusion in the appellate record. It is also apparent that appellant took no action on this appeal for more than two and one-half years. As in *Cashion v. State*, 657 S.W.2d 517 (Tex.App.—Corpus Christi 1983, pet. ref'd), the record fails to reflect that appellant attempted in any manner to pursue his appeal. We recognize that, during a portion of this time, appellant may have been under the mistaken belief that his appeal had been dismissed by the trial court's July 1982 order. We note, however, that, by July 1982, the appropriate deadlines under art. 40.09(2) and (5) had expired.

We therefore conclude that appellant has not been denied a statement of facts through no fault of his own. Appellant has been unable to obtain a statement of facts because of his own actions. While it is regrettable that so many errors affected the orderly process of this appeal, these errors occurred after appellant failed to pursue his appeal when he escaped from custody. The intervenor parties were not responsible for the appellant's inability to obtain a statement of facts. Appellant is not entitled to a reversal of his conviction on this ground. Appellant's sole ground of error is overruled.

We have reviewed the entire record for fundamental error and find none. The judgment of the trial court is AFFIRMED.