NO. 07-01-0335-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 6, 2001

_____

JEB PEMBERTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 42,467-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Jeb Pemberton was convicted, after a plea of guilty, of evading arrest with a vehicle and sentenced to confinement for two years in a state jail facility and a fine of $5,000. At the time sentence was imposed, appellant indicated he did not wish to appeal or have counsel appointed to represent him. Nevertheless, appellant filed a pro se notice

of appeal on June 8, 2001. Appellant has apparently now retained counsel, and we have received a certified copy of appellant's motion to dismiss his pro se notice of appeal and for a new trial which was filed by appellant's counsel in the trial court. We have also received a certified copy of the trial court's order granting that motion on June 19, 2001.

A timely filed notice of appeal vests jurisdiction in the Court of Appeals in a criminal case. *Curlin v. State*, 881 S.W.2d 513, 515 (Tex.App.--Dallas 1994, no pet.). Rule 25.2(e) of the Rules of Appellate Procedure provides that all further proceedings in the trial court are suspended only after the record has been filed in the appellate court except as otherwise provided by law or the rules, and the record has not yet been filed in this case. However, Rule of Appellate Procedure 42.2(a) specifically provides that an appellant may voluntarily dismiss his appeal in a criminal case by filing a written withdrawal with the appellate clerk. Therefore, a motion to dismiss an appeal should be directed to the Court of Appeals and not to the trial court. *See Rodriguez v. State*, 697 S.W.2d 734, 735 (Tex.App.--Corpus Christi 1985, pet ref'd); *see also Zamora v. State*, 568 S.W.2d 355, 356 n.1 (Tex.Crim.App. 1978).

Furthermore, an appellant's voluntary dismissal of his appeal in a criminal case must be personally signed by appellant. Tex. R. App. P. 42.2(a). The motion to dismiss the notice of appeal filed in the trial court was not signed by appellant. Therefore, assuming arguendo we could take notice of the motion to dismiss the appeal, even though not filed in the proper court, without appellant's signature, we are not authorized to dismiss the appeal.

2

We notified appellant and his counsel by letter dated August 14, 2001, that if appellant wished to dismiss his appeal, he should file a motion to dismiss with this court in accordance Tex. R. App. P. 42.2(a). However, we have received no response to that letter. This state of affairs requires that we abate this appeal to the trial court for a hearing to determine whether appellant wishes to abandon his appeal, and if not, whether his retained counsel will diligently pursue the appeal. Accordingly, this appeal is abated and the cause remanded to the 181st District Court of Potter County, Texas.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant has abandoned his appeal.

2. Whether his present attorney will diligently pursue the appeal.

3. If it be determined that the present attorney will not diligently pursue the appeal, whether appellant is presently indigent, and if so, whether other counsel should be appointed to represent him.

4. If it be determined that another attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

5. If appellant is not indigent and the present attorney will not diligently pursue the appeal, what steps need to be taken to ensure that appellant will promptly obtain the services of another attorney to pursue the appeal.

6. If any other orders are necessary to ensure the proper and timely pursuit of appellant's appeal.

In support of its determinations, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's

3

record.  The hearing proceedings shall be transcribed and included in a supplemental reporter's record.  The supplemental clerk's and reporter's records shall be submitted to the clerk of this court no later than October 15, 2001.

It is so ordered.

Per Curiam

Do not publish.