

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00135-CR

**TRENT ARCHIE,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 22768

_____

# OPINION

_____

Trent Archie was convicted of murder and sentenced to 40 years in prison. TEX. PENAL CODE ANN. § 19.02 (West 2011). After we reversed the trial court's judgment, Archie was released on appeal bond. Before the Court of Criminal Appeals reviewed our judgment and issued its opinion, Archie was incarcerated on other charges. The Court of Criminal Appeals then reversed our judgment and remanded the case to us to consider Archie's remaining issue on appeal. After the Court of Criminal Appeals' opinion was issued, however, Archie escaped from custody and was recaptured a few days later. The State filed a motion to dismiss Archie's appeal pursuant to Rule 42.4 of

the Texas Rules of Appellate Procedure. The State's motion to dismiss Archie's appeal is granted.

## BACKGROUND

On appeal, this Court reversed Archie's conviction and remanded the case to the trial court, concluding that the trial court abused its discretion by denying the appellant's motion for a mistrial. *Archie v. State*, 311 S.W.3d 556, 561 (Tex. App.—Waco 2009). On the State Prosecuting Attorney's petition for discretionary review, the Court of Criminal Appeals held the trial court did not abuse its discretion in overruling Archie's motion for mistrial. *Archie v. State*, 340 S.W.3d 734, 742 (Tex. Crim. App. 2011). The Court of Criminal Appeals' opinion was issued on June 8, 2011.

According to the Walker County Sheriff's affidavit attached to the State's motion to dismiss, Archie escaped from the Walker County Jail on June 29, 2011 and was apprehended in the morning hours of July 1, 2011 in Houston after a foot chase by law enforcement personnel. The Sheriff also stated in the affidavit that Archie did not voluntarily surrender.

The Court of Criminal Appeal's mandate issued on July 15, 2011, and the case was returned to us on July 19, 2011.

## INVOLUNTARY DISMISSAL IN CRIMINAL CASES

Rule 42.4 of the Texas Rules of Appellate Procedure provides in part

The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from

custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state.

TEX. R. APP. P. 42.4.

*Appeal Pending*

In response to the State's motion to dismiss, Archie first argues that we cannot dismiss his appeal pursuant to Rule 42.4 because his appeal was not pending at the time he escaped. Relying on the Court of Criminal Appeals' opinion in *Austell v. State* and this Court's opinion in *Marquez v. State*, Archie contends that since the record had not yet been returned to us from the Court of Criminal Appeals when Archie escaped and returned to custody, his appeal was not pending as contemplate by the Rule. *See Austell v. State*, 638 S.W.2d 888, 890 (Tex. Crim. App. 1982); *Marquez v. State*, 795 S.W.2d 346, 347 (Tex. App.—Waco 1990, no pet.).

In *Marquez*, the notice of appeal was filed after the defendant had escaped, and the record was filed with the appellate court after he had been involuntarily returned to custody. Relying on the Court of Criminal Appeals' opinion in *Austell* and the change in the appellate rule, this Court held there was no appeal pending at the time of Marquez's escape, and thus Rule 60(b)[1] did not apply. *Marquez*, 795 S.W.2d at 347.

In *Austell*, the Court of Criminal Appeals was primarily concerned with a record that had been destroyed because the trial court had dismissed the defendant's appeal when he had escaped. In reaching the conclusion that the defendant was not at fault for

[1] Now Rule 42.4.

an incomplete record on appeal, the Court stated, "Even after an escape, the appellate record must be sent to the appellate court so that it may dismiss the appeal. If the appellant is back in custody when the record reaches the appellate court, the appeal will not be dismissed, but will be treated regularly." *Austell*, 638 S.W.2d at 890 (citations omitted).

The Court of Criminal Appeals in 1969 had previously reached the conclusion that an appeal was not pending until the record was filed. *McGee v. State*, 445 S.W.2d 187 (Tex. Crim. App. 1969). In *McGee*, the Court explained that under the statute in place at the time, the trial court retained jurisdiction of a criminal proceeding until the appellate record was filed with the Court of Criminal Appeals. *Id*. at 190. At that time, the trial court had a duty to decide from the appellate briefs whether the defendant should be granted a new trial. *Id*. It did not lose this authority until the record was filed with the reviewing court. *Id*. Thus, an appeal was not *pending* until the trial court lost its authority to act.

Today, the trial court still retains the authority to act in further proceedings until the record has been filed in the appellate court. TEX. R. APP. P. 25.2(g); *State v. Moore*, 225 S.W.3d 556, 568 (Tex. Crim. App. 2007). Thus, the notion that an appeal is not pending until the appellate record is filed may be good law if an escape occurs before the record is filed initially in the reviewing court. But that is not the situation here. In this case, the filing of the record was completed when the reporter's record was filed on

May 1, 2008. From that date until today, an appeal has been pending as contemplated by the rule. Archie escaped, however, after review of our judgment by the Court of Criminal Appeals in 2011. By that time, the trial court had long since lost its authority to act in the underlying case. Further, the appellate review of Archie's case had not been completed and some new process started with the review by the Court of Criminal Appeals; it was a continuing process—an appellate process. Thus, Archie's appeal was pending when he escaped and the cases cited by him have no bearing on this appeal.

*In Custody*

Archie also argues that dismissal is not appropriate because he was not "in custody" pursuant to his murder conviction at the time he escaped. Archie contends that he had been given an appeal bond and was in the Walker County Jail on an unrelated drug charge when he escaped from jail. The State responds that Archie's appeal bond had been surrendered in March of 2011 and that Archie was re-arrested on the murder charge that is the subject of this appeal. In support of this response, the State attached certified copies of the order of surrender and the capias showing Archie's re-arrest on March 15, 2011.

The commonly-accepted meaning of "custody" is very broad and encompasses both the forceful, physical restraint of a suspect and the physical restraint of an individual's liberty by a legal order. *Luciano v. State*, 906 S.W.2d 523, 524-25 (Tex. Crim. App. 1995). Being on bond restrains an appellant's liberties. *Porras v. State*, 966 S.W.2d

764, 765 (Tex. App.—Amarillo 1998, no pet.).  If Archie was on appeal bond at the time of his escape, as Archie has alleged, he was not only physically restrained in jail on the unrelated drug charge, but also his liberties were restrained under the legal order of an appeal bond.  Additionally, because Archie was actually in custody for the charge that is the subject of this appeal at the time of his escape, Rule 42.4 applies.  Thus, Archie was "in custody" for the purposes of Rule 42.4 at the time he escaped.

**CONCLUSION**

Having determined that Archie's appeal was pending when he escaped from custody, we grant the State's motion to dismiss.  Accordingly, Archie's appeal is dismissed.  TEX. R. APP. P. 42.4.


                                             TOM GRAY
                                             Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Judge Anderson[2]
Appeal dismissed
Opinion delivered and filed December 7, 2011
Publish
[CRPM]

---

[2] Ken Anderson, Judge of the 277th District Court of Williamson County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to Section 74.003(h) of the Government Code.  *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2005).

Archie v. State                                                        Page 6