Ex parte Patricia EDWARDS.

No. 69284.

Court of Criminal Appeals of Texas,
En Banc.

April 24, 1985.

Robert T. Baskett, Dallas, for appellant.

Henry Wade, Dist. Atty., and Gregg Long, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Applicant filed this post conviction application for a writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. She contends that she has been denied her right to appeal the revocation of her probation, due to the ineffective assistance of her counsel. She seeks an out-of-time appeal.

On February 13, 1981, the trial court revoked applicant's probation in nine cases, including forgery, felony theft, and credit card abuse. Counsel had previously represented applicant on her pleas of guilty for the nine offenses, at which time applicant had been granted probation in each case. The same counsel represented applicant at the revocation hearings and gave timely notice of appeal from the revocations. From this point on, the case becomes a bit more muddled.

Applicant's counsel told the court he would be handling the appeals. He obtained a setting on appeal bonds for all nine cases. He told applicant that if he represented her on appeal she would have to pay him. There was continuing discussion about payment between counsel and applicant and her boyfriend. Applicant's boyfriend, Larry Grady, had paid counsel for his prior representation of applicant.

On May 23, 1981, applicant escaped from the Woodlawn Minimum Security Facility in Dallas County. On June 2, 1981, applicant's counsel was notified that the record and the statement of facts was completed. He did not obtain the statement of facts or

file a brief in the case. On July 23, 1981, the State filed a waiver of the statutory time (40.09[9]) in which to file a reply brief and noted that applicant had not filed a brief. The case was subsequently affirmed in a per curiam opinion by a panel of this Court.

Applicant's counsel testified at the hearing on the application for writ of habeas corpus that he learned that the applicant had escaped a few days after the escape had occurred. He thought the escape terminated the appeal process. He testified that he did not file a brief or statement of facts because he had never been retained since he had never been paid any money. Once he found out applicant had escaped, he thought that ended the appeal. He never offered to withdraw or notified the court that he was not the applicant's lawyer on appeal. All notices pertaining to the appeal were sent to counsel.

Grady testified that he paid counsel in full, in several payments over time, to represent applicant on her pleas of guilty and at the revocation hearings. He said that he also paid counsel for representing applicant on appeal.

Applicant testified that counsel represented her on her nine pleas of guilty and on the probation revocation in those same nine cases. She said she gave notice of appeal and arranged for counsel to represent her on appeal. Applicant claimed that she attempted to contact counsel several times about her appeal, but was unsuccessful. She said that despite her escape, she never wished to give up her appeal.

The trial court stated that the court would judicially note that applicant gave notice of appeal and that counsel was retained to represent applicant on appeal.

■ In its findings of fact and conclusions of law, the trial court found that counsel's lack of representation on appeal was due to non-payment of fees and not due to neglect. The court further found that applicant's escape demonstrated a desire to "abandon legal processes available

to her," and that applicant "waived and abandoned her right to effective assistance of counsel on appeal." We disagree with these conclusions.

■ Art. 44.09, V.A.C.C.P., concerns the disposition of a case when the defendant escapes while the case is pending appeal:

If the defendant, after giving notice of appeal, makes his escape from custody, the jurisdiction of the court of appeals or the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the appropriate court shall, *on motion of the attorney representing the state*, dismiss the appeal and withdraw any prior opinion; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; and in cases where the punishment inflicted by the jury or the court is confinement in an institution operated by the Department of Corrections for life, the court may in its discretion reinstate the appeal if the defendant is recaptured or voluntarily surrenders within thirty days after such escape. No appeal shall be dismissed as to any defendant to whom the death penalty has been assessed. (emphasis added).

In the instant case, Arts. 44.09 and 44.10 do not apply at all because the State has never moved to dismiss the appeal, and did not do so when applicant was an escapee. The prior escape does not bar her contentions. Since applicant is now in custody, the appeal could not now be dismissed. *Austell v. State*, 638 S.W.2d 888 (Tex.Cr. App.1982). We will address applicant's contention that she was rendered ineffective assistance of counsel on appeal.

Applicant's counsel informed the court that he was representing applicant on appeal. He gave notice of appeal and obtained settings on appeal bonds. Thereafter, he took no action to further the

appeal. All of the notices concerning the record on appeal were sent to counsel. Counsel never attempted to withdraw from the case or notify the court that he was no longer representing applicant. As far as the court records showed, counsel was representing applicant on appeal.

■ The trial court found that neither applicant nor Grady had paid counsel for the appeal and that counsel's lack of representation was due to non-payment of fees. This finding, even if we accept it as true, does not excuse counsel's total inaction in the appeal of the case. There is no motion or request by counsel for leave to withdraw from the case. No brief or motion on applicant's behalf has been filed in the case.

■ Applicant's escape, by itself, did not relieve counsel of his duty to effectively represent applicant. Under Art. 44.09, an appeal is not dismissed unless *the State* moves to dismiss the appeal. Thus, defense counsel if not relieved of a duty to represent an accused on appeal simply because the accused has escaped.

In *Steel v. State*, 453 S.W.2d 486 487 (Tex.Cr.App.1970):

> ... [r]etained counsel, even one who has not been fully compensated for past services or compensated for further service, cannot wait until a critical stage of the proceedings is reached and bow out without notice to the court and the accused and 'frustrate forever accused's right to protect his vital interests.' *Atilus v. United States*, (5th Cir.) 406 F.2d 694.

See also *Banks v. State*, 580 S.W.2d 348 (Tex.Cr.App.1979).

We find that applicant was denied effective assistance of counsel on appeal. We grant relief in the form of an out-of-time appeal and return the case to the point at which notice of appeal was given. *Banks*, supra.