**Bradford Allen BULLOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 547–85.**

Court of Criminal Appeals of Texas, En Banc.

May 21, 1986.

Richard E. Langlois, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty. & Bill Harris, Edward F. Shaughnessy, III & Charles Estee, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft of property of a value of two hundred dollars or more but less than ten thousand dollars. Punishment, enhanced by a prior felony conviction, was assessed by the jury at twenty years. The Court of Appeals, in an unpublished opinion, dismissed appellant's appeal finding that appellant had escaped during the pendency of the appeal. *Bullock v. State,* (Tex.App.—San Antonio, No. 04–81–00385–Cr., delivered April 17,

1985). We granted appellant's petition for review to examine this holding.

Article 44.09, V.A.C.C.P., provides:

"If the defendant, after giving notice of appeal, makes his escape from custody, the jurisdiction of the court of appeals or the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the appropriate court shall, on motion of the attorney representing the state, dismiss the appeal and withdraw any prior opinion; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; and in cases where the punishment inflicted by the jury or the court is confinement in an institution operated by the Department of Corrections for life, the court may in its discretion reinstate the appeal if the defendant is recaptured or voluntarily surrenders within thirty days after such escape. No appeal shall be dismissed as to any defendant to whom the death penalty has been assessed." Amendment by Acts 1981, 67th Leg., p. 815, ch. 291, sec. 128, eff. Sept. 1, 1981.

Appellant contends the Court of Appeals "improperly dismissed appellant's appeal because appellant had been returned to custody before the state filed its motion to dismiss." Appellant escaped from custody on February 26, 1984 and was returned to custody before the State filed its motion to dismiss on March 6, 1984. The record does not reflect nor is it urged that appellant voluntarily returned.

Counsel construes our holding in *Edwards v. State*, 688 S.W.2d 566 (Tex.Cr. App.1985) to hold that Article 44.09 requires that the State not only move to dismiss the appeal but that such motion be filed while the defendant is still an escapee and not after he is returned to custody.

■ Nowhere in Article 44.09, supra do we find any requirement that the motion to dismiss be filed while a defendant is still an escapee. In *Edwards*, unlike the instant case, a motion to dismiss was never filed by the State.

■ Appellant further urges that if a defendant escapes before the appellate court obtains jurisdiction the appeal cannot be dismissed. Appellant reasons "if the appellant escapes before the record is filed in the reviewing court and he is returned to custody before the record is filed the appeal will not be dismissed." Appellant's premise is based on Article 44.09, supra, prior to the 1981 amendment which provided for escape "pending appeal." See *Austell v. State*, 638 S.W.2d 888 (Tex.Cr.App. 1982). The 1981 amendment makes provision for the escape of a defendant "after giving notice of appeal."

We disavow any language in *Edwards* which may be construed to require that a motion to dismiss an appeal be filed with the reviewing court before the escapee is returned to custody.

The judgment of the Court of Appeals is affirmed.

WHITE, J., not participating.

CLINTON, Judge, concurring.

Over the years this State has searched for a rational public policy concerning the right to prosecute an appeal by one who escapes from custody after conviction.[1] Valid considerations include discouraging escapes and encouraging voluntary surren-

1. Prior to 1892, absent a legislative determination of a rule deemed appropriate, there was not a uniform practice, but the general notion seemed to be that escape did not forfeit an appeal forever, only the right to prosecute it while at large. See Moore v. State, 44 Tex. 595 (1876) and Ex parte Coupland, 26 Tex. 386 (1862). Then when the Court was organized by Acts 1892, 22nd Leg. 1st C.S., Ch. 16, p. 34, the Legislature provided a similar rule, *viz:*

"Sec. 31. In case the defendant, *pending an appeal* in a felony case, shall make his escape from custody, the jurisdiction of the court of criminal appeals shall no longer attach to the case; and upon the fact of such escape being made to appear, the court shall, on motion of the.... attorney representing the state, dismiss the appeal; but the order dismissing the appeal shall be set aside, if it shall be made to appear that the accused has voluntarily re-

ders, and promoting efficient and dignified operations of an appellate court. *Estelle v. Durrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Accordingly, the Court held that when an escapee surrendered or was recaptured before the appellate record was filed the Court lacked jurisdiction, power or authority to dismiss the appeal on account of escape. The theory was that until the appellate record was filed the jurisdiction of this Court did not attach, so a prior escape and recapture or surrender did not occur, in terms of the statute, "pending an appeal." *Austell v. State,* 638 S.W.2d 888 (Tex.Cr.App.1982); *Webb v. State,* 460 S.W.2d 903 (Tex.Cr.App.1970); *McGee v. State,* 445 S.W.2d 187 (Tex.Cr. App.1969). See also *Cushman v. State,* 493 S.W.2d 159 (Tex.Cr.App.1973).

Dissatisfied with or ignoring past public policy considerations, framers of the 1981 amendment to Article 44.09, V.A.C.C.P., substituted "after giving notice of appeal" for "pending an appeal," thereby changing results in past judicial decisions. Today, the Court follows the legislative lead.

In the instant cause, literal application of the statute produces an exceedingly harsh and unjust result—considering notice of appeal was given August 20, 1980 and the appellate record was filed October 29, 1981, but not until February 15, 1984 did the court of appeals render its decision *that evidence is insufficient to support the verdict of the jury and concomitant judgment of conviction.*

Surely unaware that eleven days earlier the court of appeals had reversed his con-

viction, appellant escaped from custody in the Walls Unit February 26, 1984! He was captured and returned to custody within two days—before the State filed its motion for rehearing on March 1, 1984, and then its motion to dismiss on March 6, 1984.

As applied to appellant Article 44.09, supra, exacts a heavy toll: confinement for up to twenty years for an offense the State has yet to prove beyond a reasonable doubt he committed, according to an appellate court.

However strong the temptation to don Chancellor's robes and do equity, as well as the court of appeals we are constrained by legislative enactment from relieving appellant of fateful consequences of his short-lived escape.[2]

Accordingly, I join the judgment of the Court.

---

turned to the custody of the officer from whom he escaped within ten days."
*Id.,* at 38, 10 Gammel's Laws of Texas 398, 402. (All emphasis is mine throughout unless otherwise indicated.)
In 1933, however, the Legislature found operation of its rule "harsh and unjust" in death penalty and life imprisonment punishments, and permitted the Court in exercise of its discretion to reinstate an appeal "if the defendant is *recaptured or voluntarily surrenders* within thirty days after such escape." Acts 1933, 43rd Leg., Ch. 34, p. 64.
Those legislative views were retained in Article 40.09, V.A.C.C.P., when the code of criminal procedure was revised in 1965, and the Court seems to have been fairly lenient in applying

them where an escapee had been returned to custody before a motion to dismiss was considered: e.g., *McNeil v. State,* 128 Tex.Cr.R. 250, 80 S.W.2d 995, 996 (1935); *Leonard v. State,* 53 Tex.Cr.R. 187, 109 S.W. 149, 150 (1908). They were to be altered drastically, however, by Acts 1981, 67th Leg., Ch. 291, p. 815, § 128, amending Article 44.09, supra.

**2.** Still following legislative expression of public policy, this Court formulated Rule 60(b), Tex.R. App.P. Thus, though Article 44.09 will be deemed repealed effective September 1, 1986, Rule 60(b) continues the substance of its strictures.