**Sonny MARQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–111–CR.**

Court of Appeals of Texas,
Waco.

Sept. 13, 1990.

Dennis J. Garvey, Waco, for appellant.

Paul E. Gartner, Jr., Crim. Dist. Atty., Crawford Long, Asst. Dist. Atty., Waco, for appellee.

OPINION

PER CURIAM.

Pursuant to Rule 60(b) of the Texas Rules of Appellate Procedure, the State filed a motion to dismiss Sonny Marquez's appeal on August 10, 1990. Marquez was convicted of Burglary and sentenced to ten years in the Texas Department of Corrections on June 13, 1990. Affidavits of Dan Weyenberg and Coy Jones of the McLennan County Sheriff's Office indicate that Marquez escaped from the county jail on June 30, 1990. Law enforcement officers returned Marquez to the jail after they found Marquez on July 16, 1990. Jones and Weyenberg affied that Marquez's return was not voluntary. Notice of appeal was filed on July 10, 1990, and the transcript was filed on August 10, 1990.

Rule 60(b) provides in part:

(b) Criminal Cases. An appeal shall be dismissed on the State's motion, supported by affidavit, showing that appellant has escaped from custody *pending the appeal* and that to the affiant's knowledge, has not voluntarily returned to lawful custody within the State within ten days after escaping. The appeal shall not be dismissed, or, if dismissed, shall be reinstated, on filing of an affidavit of an officer or other credible person

showing that appellant voluntarily returned to lawful custody within the State within ten days after escaping.

TEX.R.APP.P. 60(b) (emphasis added). The source for this rule is former Texas Code of Criminal Procedure Article 44.09. *See* TEX.CODE CRIM.PROC. art. 44.09 (1965) (repealed 1986). At the time Article 44.09 was repealed, it provided for escape "after giving notice of appeal," instead of "pending the appeal" as Rule 60(b) now provides. In *Bullock v. State*, 709 S.W.2d 669 (Tex.Crim.App.1986), the court discussed the applicability of Article 44.09 to a defendant who escapes before the appellate court obtains jurisdiction. The defendant in *Bullock* was asserting that if a defendant escapes before the record is filed in the reviewing court and he is returned to custody before the record is filed the appeal will not be dismissed. *Id.* at 670. The court disagreed with the defendant's assertion in *Bullock* because the defendant's premise was based on Article 44.09 which provided for escape "pending appeal" prior to its amendment in 1981. *Id.* Therefore, because the defendant in *Bullock* escaped after he gave notice of appeal, his appeal was dismissed. *Id.*

In this case, not only was the notice of appeal filed after Marquez had escaped, but the transcript was filed after Marquez had been returned into custody. Therefore, at the time Marquez escaped there was no appeal pending, and Rule 60(b) does not apply. Because the "pending appeal" language is identical to the language of Article 44.09 before it was amended in 1981, now the law is as it was before 1981: "If the appellant is back in custody when the record reaches the appellate court, the appeal will not be dismissed, but will be treated regularly." *Austell v. State*, 638 S.W.2d 888, 890 (Tex.Crim.App.1982). The State's motion to dismiss is denied.