Sonny Marquez 






MOTION TO DISMISS DENIED
SEPTEMBER 13, 1990

NO. 10-90-111-CR
Trial Court
# 90-199-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

SONNY MARQUEZ,
Â Â Â Appellant
v.

THE STATE OF TEXAS,
Â Â Â Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Pursuant to Rule 60(b) of the Texas Rules of Appellate
Procedure, the State filed a motion to dismiss Sonny Marquez's
appeal on August 10, 1990. Marquez was convicted of Burglary and
sentenced to ten years in the Texas Department of Corrections on
June 13, 1990. Affidavits of Dan Weyenberg and Coy Jones of the
McLennan County Sheriff's Office indicate that Marquez escaped from
the county jail on June 30, 1990. Law enforcement officers
returned Marquez to the jail after they found Marquez on July 16,
1990. Jones and Weyenberg affied that Marquez's return was not
voluntary. Notice of appeal was filed on July 10, 1990, and the
transcript was filed on August 10, 1990.
Rule 60(b) provides in part:
(b) Criminal Cases. An appeal shall be dismissed on the
State's motion, supported by affidavit, showing that appellant
has escaped from custody pending the appeal and that to the
affiant's knowledge, has not voluntarily returned to lawful
custody within the State within ten days after escaping. The
appeal shall not be dismissed, or, if dismissed, shall be
reinstated, on filing of an affidavit of an officer or other
credible person showing that appellant voluntarily returned to
lawful custody within the State within ten days after
escaping.

TEX. R. APP. P. 60(b) (emphasis added). The source for this rule
is former Texas Code of Criminal Procedure Article 44.09. See TEX.
CODE CRIM. PROC. art. 44.09 (1965)(repealed 1986). At the time
Article 44.09 was repealed, it provided for escape "after giving
notice of appeal," instead of "pending the appeal" as Rule 60(b)
now provides. In Bullock v. State, 709 S.W.2d 669 (Tex. Crim. App.
1986), the court discussed the applicability of Article 44.09 to a
defendant who escapes before the appellate court obtains
jurisdiction. The defendant in Bullock was asserting that if a
defendant escapes before the record is filed in the reviewing court
and he is returned to custody before the record is filed the appeal
will not be dismissed. Id at 670. The court disagreed with the
defendant's assertion in Bullock because the defendant's premise
was based on Article 44.09 which provided for escape "pending
appeal" prior to its amendment in 1981. Id. Therefore, because
the defendant in Bullock escaped after he gave notice of appeal,
his appeal was dismissed. Id. 
In this case, not only was the notice of appeal filed after
Marquez had escaped, but the transcript was filed after Marquez had
been returned into custody. Therefore, at the time Marquez escaped
there was no appeal pending, and Rule 60(b) does not apply. 
Because the "pending appeal" language is identical to the language
of Article 44.09 before it was amended in 1981, now the law is as
it was before 1981: "If the appellant is back in custody when the
record reaches the appellate court, the appeal will not be
dismissed, but will be treated regularly." Austell v. State, 638
S.W.2d 888, 890 (Tex. Crim. App.). The State's motion to dismiss
is denied.
PER CURIAM
PUBLISH
Â Â 



 
 
 
 
 
 
 
 
 

 


Â 

IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


Â 



No. 10-05-00088-CR

Â 

Ex parte David Murphy,

   Appellant

Â 

Â 

Â 



From the 52nd District Court

Coryell County, Texas

Trial Court # FT-04-15251

Â 



MEMORANDUMÂ 
Opinion



Â 








Â Â Â Â Â Â Â Â Â  David
Murphy filed an application for writ of habeas corpus with the trial court
under article 11.07 of the Texas Code of Criminal Procedure.[1]Â  Because the trial court did not act on the
writ within 20 days, the failure of the court to act constitutes a finding that
there are no controverted, previously unresolved facts which are material to
MurphyÂs confinement.Â  Tex. Code Crim. Proc. Ann. art. 11.07,
Â§ 3(c) (Vernon Supp. 2004-2005).Â  At this point, the trial court clerk Âshall
immediately transmit to the Court of Criminal Appeals a copy of the
applicationÂ.ÂÂ  Id.

Â Â Â Â Â Â Â Â Â  The
trial court clerk sent this Court the record of application.Â  We have no jurisdiction of article 11.07 writ
applications.Â  See Tex. Code Crim. Proc.
Ann. art. 11.05 (Vernon 1977); see also Nix v. State, 65 S.W.3d 664, 670 n. 26
(Tex. Crim. App. 2001).Â  Thus, it appears
the record was mistakenly sent to this Court rather than the Court of Criminal
Appeals.

Â Â Â Â Â Â Â Â Â  The
Clerk of this Court is, therefore, ordered to immediately forward the record in
this cause to the Court of Criminal Appeals as an 11.07 writ made returnable to
the Court of Criminal Appeals.

Â Â Â Â Â Â Â Â Â  Accordingly,
this cause is dismissed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â Â Â Â Â  Justice Reyna

Appeal
Dismissed

Opinion
delivered and filed February 16, 2005

Do
Not Publish

[CR25]











[1]
Murphy filed a previous writ with the trial court dated September 27, 2004.Â  That writ is the subject of MurphyÂs notice
of appeal in Cause Number 10-04-00366-CR.Â 
This writ of habeas corpus was filed on December 3, 2004, and is not a part of the referenced
appeal.Â