PD-1380-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/22/2015 7:40:29 PM
Accepted 10/23/2015 12:30:52 PM
ABEL ACOSTA
CLERK

No._____

---

**IN THE
COURT OF CRIMINAL APPEALS
OF
TEXAS**

---

**EX PARTE JOHNNIE LEWIS O'NEAL, JR.,
Petitioner,**

**vs.**

**THE STATE OF TEXAS,
Respondent.**

---

**Petition in Cause No. 15-28797 from the
County Court At Law No. 5 of Montgomery County, Texas
and the Court of Appeals for the Ninth Supreme Judicial District
of Texas in Cause No. 09-15-00229-CR**

---

**PETITION FOR DISCRETIONARY REVIEW**

---

**WILLIE & ASSOCIATES, P.C.**

**Joseph R. Willie, II, D.D.S., J.D.
4151 Southwest Freeway, Suite 490
Houston, Texas 77027
(713) 659-7330
(713) 599-1659 (FAX)
SBOT# 21633500
attyjrwii@wisamlawyers.com**

**ATTORNEY FOR PETITIONER
JOHNNIE LEWIS O'NEAL, JR.**

FILED IN
COURT OF CRIMINAL APPEALS

October 23, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final order, as well as the names and addresses of all trial and appellate counsel.

PARTIES                                    COUNSEL

Petitioner:
Johnnie Lewis O'Neal, Jr.                  Willie & Associates, P.C.
                                           Joseph R. Willie, II, D.D.S., J.D.
                                           4151 Southwest Freeway, Suite 490
                                           Houston, Texas 77027
                                           Habeas Corpus and Appellate Counsel for
                                           Petitioner

Trial Court:
The Honorable Keith Stewart
County Court At Law No. 5
Montgomery County, Texas

Respondent:
The State of Texas                         Montgomery County District Attorney's
                                           Office
                                           Brent Chapell, Esquire
                                           207 W. Phillips Street, 2nd Floor
                                           Conroe, Texas 77301
                                           Habeas Corpus Counsel for Appellee

                                           William J. Delmore, III, Esquire
                                           207 W. Phillips Street, 2nd Floor
                                           Conroe, Texas 77301
                                           Appellate Counsel for Appellee

# TABLE OF CONTENTS

                                                                                          Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . .     v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    vi

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . .    vi

GROUND FOR REVIEW NO. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

> The Court of Appeals erred in affirming the order of the trial denying
> habeas corpus relief due to the fact that Petitioner's trial counsel failed
> to file a notice of appeal concerning the denial of his motion to
> suppress evidence

REASON FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     5

APPENDIX

> Appendix 1 – Opinion and Judgment of the Court of Appeals rendered on
> September 23, 2015.
>
> Appendix 2 – Order of the trial court denying the Application for Writ of Habeas
> Corpus signed on May 6, 2015.
>
> Appendix 3 – Order Appointing Trial Counsel by the trial court signed on July 9,
> 2014.

# INDEX OF AUTHORITIES

Page(s)

**CASES:**

*Evitts v. Lucey,*
      469 U.S. 387 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

*Ex parte Daigle,*
      848 S.W.2d 691 (Tex. Crim App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

*Ex parte Edwards,*
      688 S.W.2d 566 (Tex. Crim. App. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

*Ex parte Gaines,*
      455 S.W.2d 210 (Tex. Crim. App. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2

*Ex parte Steptoe,*
      132 S.W.3d 434 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

*McCoy v. Court of Appeals,*
      486 U.S. 429 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

*Roberts v. State,*
      705 S.W.2d 803 (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

**CONSTITUTIONS:**

U.S. CONST. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

TEX. CONST. art. I, § 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

TEX. CONST. art. I, § 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

## STATEMENT REGARDING ORAL ARGUMENT

Due to the fact that the Ninth Court of Appeals' decision conflicts with prior decisions of the Supreme Court of the United States and this Court on the very same issue as set forth in the Petition for Discretionary Review and that the current state of the law on this issues needs final clarification from this Court, the Petitioner, Johnnie Lewis O'Neal, Jr., requests oral argument in this case.

## STATEMENT OF THE CASE

*Nature of the Case:*  This is an appeal brought by Johnnie Lewis O'Neal, Jr. with regard to the trial court's denial of his Application for Writ of Habeas Corpus to file an out-of-time appeal.

*Trial Court:*  The Honorable Keith Stewart, County Court At Law No. 5, Montgomery County, Texas.

*Parties in the Court of Appeals:*  Johnnie Lewis O'Neal, Jr. – Appellant; The State of Texas – Appellee.

*Court of Appeals:*  Court of Appeals for the Ninth Supreme Judicial District of Texas; Opinion by Justice Johnson joined by Chief Justice McKeithen and Justice Kreger; *Ex parte Johnnie Lewis O'Neal, Jr.,* No. 09-15-00229-CR (Tex. App.--Beaumont Sept. 23, 2015, pet. filed) (Opinion attached Appendix 1).

*Court of Appeals' Disposition:*  Order of the trial court affirmed.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals rendered its decision affirming the order of the trial court on September 23, 2015. The Petition for Discretionary Review was filed with the Clerk of this Court on October 22, 2015, by e-filing.

## GROUND FOR REVIEW NO. 1

THE COURT OF APPEALS ERRED IN AFFIRMING THE ORDER OF THE TRIAL COURT DUE TO THE FACT THAT PETITIONER'S TRIAL COUNSEL FAILED TO FILE A NOTICE OF APPEAL CONCERNING THE DENIAL OF HIS MOTION TO SUPPRESS EVIDENCE. (C.R. 7-11, 12-14; C.R.R. 4-12.)

## REASON FOR REVIEW

The Court of Appeals has decided an important question of federal and state law in a way that conflicts with the applicable decisions of the Supreme Court of the United States and the Court of Criminal Appeals of Texas.

A convicted defendant is entitled to the reasonably effective assistance of counsel on a direct appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 402-403 (1985), regardless of whether counsel is appointed or retained. *Roberts v. State,* 705 S.W.2d 803, 805 (Tex. Crim. App. 1986).

The Court of Appeals analyzed the testimony of Attorney Bortello and set out her testimony including the colloquy from the trial court and the direct examination from the prosecutor. *See* Slip Op. at 2-4. However, the Court of Appeals inexplicably failed to include and analyze the cross-examination of Attorney Botello in its opinion, which is set out below:[1]

> [Habeas Corpus Attorney]: Ms. Botello, in the course of your representation with Mr. O'Neal, you did file that motion to suppress, correct?
>
> [O'Neal's Trial Counsel]: Yes.

---

[1] The cross-examination of Attorney Botello can be found in C.R.R. 9-10.

1

[Habeas Corpus Attorney]: Okay. And the Court did deny the motion to suppress carried with the trial?

[O'Neal's Trial Counsel]: Yes.

[Habeas Corpus Attorney]: Did you ever file a notice of appeal for Mr. O'Neal in this case?

[O'Neal's Trial Counsel]: No.

[Habeas Corpus Attorney]: Did you ever inquire -- did you ever inform the court that Mr. O'Neal did not want to appeal this case on the record?

[O'Neal's Trial Counsel]: No.

[Habeas Corpus Attorney]: Okay. Did you ever withdraw from this case as appointed counsel?

[O'Neal's Trial Counsel]: No.

[Habeas Corpus Attorney]: Okay. And there is nothing in the record, other than your testimony today, to indicate that Mr. O'Neal knowingly and intelligently and voluntarily waived his right to an appeal; is that correct?

[O'Neal's Trial Counsel]: Correct.

No motion to withdraw was ever filed by appointed trial counsel and no notice was given to the trial court by appointed counsel that she would not pursue the case on appeal, despite having the **affirmative duty** to do so. (C.R.R. 9-10.) *See also* Appendix 3.  Additionally, no request was made of the trial court to appoint counsel to pursue an appeal. *See Ex parte Gaines,* 455 S.W.2d 210, 211 (Tex. Crim. App. 1970). Further, there is nothing in the record of this case, other than the self-serving testimony of Attorney Botello, to indicate that the Petitioner

2

voluntarily, knowingly and intelligently waived his right to appeal his conviction. (C.R.R. 10.)

Lastly, the Respondent, The State of Texas, did not file a written response to the Application for Writ of Habeas Corpus and did not introduce any documentary evidence to corroborate the testimony of Attorney Botello.

Appointed trial counsel had the duty and obligation to exercise judgment in identifying the arguments that may be advanced on appeal. *Cf. McCoy v. Court of Appeals,* 486 U.S. 429, 438 (1988). The arguments contained in the Motion to Suppress in Cause No. 14-298464 should have been advanced and adjudicated by the Court of Appeals for the Ninth Supreme Judicial District of Texas. The failure to raise a valid legal claim that necessarily would have resulted in a reversal constitutes ineffective assistance of counsel. *Cf. Ex parte Daigle,* 848 S.W.2d 691, 692 (Tex. Crim. App. 1993). The Petitioner contends that his Equal Protection and Due Process Rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 3 and 19 of Texas Constitution have been violated.

The remedy for a petitioner denied effective assistance of counsel on appeal is the granting of an out-of-time appeal. *Ex parte Edwards,* 688 S.W.2d 566, 568 (Tex. Crim. App. 1985); *Ex parte Steptoe,* 132 S.W.3d 434 (Tex. Crim. App. 2004). Such a remedy is hereby sought.

## PRAYER

For the foregoing reasons, Petitioner, Johnnie Lewis O'Neal, Jr., requests that the Court reverse the judgment of the Court of Appeals and the trial court and enter judgment granting the Application for Writ of Habeas Corpus and ordering that the Petitioner is entitled to an out-of-time appeal.

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.

By: /s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.
4151 Southwest Freeway, Suite 490
Houston, Texas 77027
(713) 659-7330
(713) 599-1659 (FAX)
SBOT# 21633500
attyjrwii@wisamlawyers.com

ATTORNEY FOR APPELLANT
JOHNNIE LEWIS O'NEAL, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-service to William J. Delmore, III, Assistant Montgomery County District Attorney, 207 W. Phillips, 2nd Floor, Conroe, Texas 77301 and the State Prosecuting Attorney, P.O. Box 12405, Capitol Station, Austin, Texas 78711, on the 22nd day of October, 2015.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

4

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the Brief of Appellant submitted complies with TEX. R. APP. P. 9 and the word count of this document is 722. The word processing software used to prepare the document and to calculate the word count is Windows 7.

<u>/s/ Joseph R. Willie, II, D.D.S., J.D.</u>
Joseph R. Willie, II, D.D.S., J.D.

# APPENDIX

# Appendix 1

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00229-CR
_____

**EX PARTE JOHNNIE LEWIS O'NEAL, Appellant**

_____

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause No. 15-28797

_____

**MEMORANDUM OPINION**

Appellant Johnnie Lewis O'Neal (Appellant or O'Neal) appeals the denial of his post-conviction application for a writ of habeas corpus, wherein he alleged he was denied the effective assistance of counsel and requested that he be allowed to file an out-of-time appeal. We affirm.

Factual Background

O'Neal filed a post-conviction application for a writ of habeas corpus pursuant to Article 11.09 of the Texas Code of Criminal Procedure, requesting leave to file an out-of-time appeal concerning his conviction for driving while

1

intoxicated.[1] Tex. Code Crim. Proc. Ann. art. 11.09 (West 2011) In his application, he argued that he was denied effective assistance of counsel in that his appointed trial counsel never filed a notice of appeal, she never filed a motion to withdraw, she never notified the court she would not pursue the case on appeal, and the record does not reflect that O'Neal voluntarily, knowingly, and intelligently waived his right to appeal his conviction. His application stated that the trial court denied his motion to suppress that contested his warrantless arrest and that "[t]he Court's Certification of Defendant's Right of Appeal recites that the case 'is not a plea-bargain case, and the defendant has the right of appeal.'"

O'Neal obtained different counsel to represent him as to his application for habeas relief. The trial court held a hearing in which an exchange between O'Neal's habeas attorney and the Court occurred as follows:

> [O'Neal's habeas attorney]: . . . We want the court to take judicial notice of its file that there was no notice of appeal filed on behalf of Mr. O'Neal. [O'Neal's trial attorney] did not file a motion to withdraw as his counsel. And there is nothing in the record to indicate that Mr. O'Neal was informed of his right to appeal. And we want the court to take judicial notice that there is nothing in the record to indicate that Mr. O'Neal knowingly, intelligently, and voluntarily waived his right to appeal.

---

[1] O'Neal's appellate brief states he filed his application on March 17, 2015. The clerk's record in this case, however, reflects that the application was received and e-filed on March 27, 2015.

2

THE COURT: Within your pleading it does -- are you stating that the trial court certification is in the stack of documents?

[O'Neal's habeas attorney]: Yes, it is Your Honor.

THE COURT: And it did inform him that it was a case with the right of appeal?

[O'Neal's habeas attorney]: Right.

THE COURT: And he signed it, correct?

[O'Neal's habeas attorney]: Yes, Your Honor.

THE COURT: Okay.

O'Neal's trial attorney testified at the hearing, and the prosecutor questioned her as follows:

[Prosecutor]: So did you discuss with defendant his opportunity to go on appeal?

[O'Neal's trial attorney]: Yes, I did.

[Prosecutor]: And the timelines associated with that, as far as filing a notice of appeal?

[O'Neal's trial attorney]: The timeline?

[Prosecutor]: As far as the deadline for filing a notice of appeal following the date of his judgment?

[O'Neal's trial attorney]: You want me to give you the timeline?

[Prosecutor]: No. No. Did you inform him about those timelines?

[O'Neal's trial attorney]: Yes.

3

[Prosecutor]: Did he indicate to you that he understood that he had a right to appeal?

[O'Neal's trial attorney]: Yes.

[Prosecutor]: And did he indicate to you that he wanted to pursue an appeal?

[O'Neal's trial attorney]: No.

[Prosecutor]: So he said he did not want to pursue an appeal?

[O'Neal's trial attorney]: Yes.

[Prosecutor]: Okay. So from your understanding there was no need to appoint appellate counsel because he did not wish to proceed with an appeal?

[O'Neal's trial attorney]: Correct. That is my understanding.

[Prosecutor]: Did his decision appear to be voluntary and knowing?

[O'Neal's trial attorney]: Yes.

No other witnesses testified at the hearing. After the hearing, the trial court denied the application. Findings of fact and conclusions of law were not requested or filed. O'Neal appeals.

## ISSUE ON APPEAL

In a single issue, O'Neal argues that he should be permitted to file an out-of-time appeal because he was deprived of the effective assistance of counsel because his trial counsel did not file a notice of appeal on his behalf. More specifically, he

4

complains that his trial counsel filed no motion to withdraw, gave no notice to the trial court that she would not pursue the case on appeal, and the record does not reflect that O'Neal voluntarily, knowingly, and intelligently waived his right to appeal his conviction.

In response, the State argues that the trial court did not have jurisdiction over O'Neal's application for a writ of habeas corpus because the application failed to state that he was then confined or subject to collateral legal consequences of his conviction, and that such a statement is required by Article 11.09 of the Texas Code of Criminal Procedure. The State also argues that O'Neal's trial counsel had no duty to file an appeal where the evidence shows his trial counsel informed O'Neal of his right of appeal and "it is clear that the appellant made an informed decision to waive his right to appeal."

STANDARD OF REVIEW

"We generally review a trial court's decision to grant or deny relief on a writ of habeas corpus under an abuse of discretion standard . . . ." *Ex parte Cummins,* 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.). The trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). In reviewing the trial court's decision, we review

5

the facts in the light most favorable to the trial judge's ruling. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). We "'afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor.'" *Peterson*, 117 S.W.3d at 819 (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); *see also Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

"We afford the same amount of deference to the trial judge's rulings on 'application of law to fact questions' if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. If the resolution of those ultimate questions turns on an application of legal standards, we review the determination de novo." *Ex parte Urquhart*, 170 S.W.3d 280, 283 (Tex. App.— Dallas 2005, no pet.) (citations omitted) (citing *Peterson*, 117 S.W.3d at 819). When, as here, a trial court does not make explicit findings of fact and conclusions of law and neither party has requested them, we imply the findings necessary to support the trial court's ruling if such findings are supported by the record. *See State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006).

In a habeas proceeding, the applicant has the burden of proving that an error contributed to his or her conviction or punishment. *See Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001); *Cummins*, 169 S.W.3d at 757. An applicant for habeas corpus must prove his allegations by a preponderance of the evidence. *Ex parte Galvan*, 770 S.W.2d 822, 823 (Tex. Crim. App. 1989).

A defendant convicted of a misdemeanor offense may attack the validity of the conviction by way of habeas corpus if he is either (1) confined or restrained as a result of a misdemeanor charge or conviction; or (2) is no longer confined, but is subject to collateral legal consequences resulting from the conviction. *See* Tex. Const. art. V, § 16; Tex. Code Crim. Proc. Ann. art. 11.09; *Ex parte Schmidt*, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003) (holding that county courts and their judges have "the power to issue the writ of habeas corpus when a person is restrained by an accusation or conviction of misdemeanor").

"Confined," for habeas corpus purposes, means not only "the actual, corporeal and forcible detention of a person," but also "any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits." Tex. Code Crim. Proc. Ann. art. 11.21 (West 2011). "Restrained," for habeas corpus purposes,

7

means "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." *Id.* art. 11.22 (West 2011). The Court of Criminal Appeals has stated in the context of an application for Article 11.07 habeas relief that to raise a cognizable claim, a party seeking habeas relief must assert in his application that he is subject to confinement, restraint, or collateral legal consequences. *See Ex parte Harrington*, 310 S.W.3d 452, 458 n.16 (Tex. Crim. App. 2010) (applying Tex. Code Crim. Proc. Ann. art. 11.07). In *Ex parte Harrington*, the Court concluded that post-conviction habeas relief was available under Article 11.07 even though the applicant had been discharged from his sentence because he established at the hearing that he continued to suffer collateral consequences arising from his conviction. *Id.* at 454. In that case, the Court concluded that the record supported the trial court's findings that the applicant had current and future consequences from his felony DWI conviction that included the loss of his job and other employment. *Id.* at 457-58.

In the case at bar, O'Neal seeks habeas relief under Article 11.09. Under Article 11.09, the express language of the statute provides that:

> Art. 11.09. Applicant Charged with Misdemeanor. If a person is *confined* on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the

8

county judge whose residence is nearest to the courthouse of the county in which the applicant *is held in custody*.

Tex. Code Crim. Proc. Ann. art. 11.09 (emphasis added). Article 11.14 of the Texas Code of Criminal Procedure expressly provides that the petition must include the following:

> Art. 11.14. Requisites of Petition. The petition must state substantially:
> 1. That the person for whose benefit the application is made is illegally restrained in his liberty, and by whom, naming both parties, if their names are known, or if unknown, designating and describing them;
> 2. When the party is confined or restrained by virtue of any writ, order or process, or under color of either, a copy shall be annexed to the petition, or it shall be stated that a copy cannot be obtained;
> 3. When the confinement or restraint is not by virtue of any writ, order or process, the petition may state only that the party is illegally confined or restrained in his liberty;
> 4. There must be a prayer in the petition for the writ of habeas corpus; and
> 5. Oath must be made that the allegations of the petition are true, according to the belief of the petitioner.

*Id.* art. 11.14 (West 2011).

The applicant must also establish that the confinement or restraint is a result of the conviction he seeks to attack in his habeas application. *See Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (habeas applicant must establish that the collateral legal consequences resulted from her Texas misdemeanor convictions); *State v. Collazzo*, 264 S.W.3d 121,

9

125-26 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (defendant may attack a misdemeanor conviction provided he is confined, restrained, or subject to collateral legal consequences resulting from the conviction he attacks); *cf. Ex parte Eureste,* 725 S.W.2d 214, 216 (Tex. Crim. App. 1986) (dismissing habeas proceedings where the court's jurisdiction was not properly invoked because applicant was not restrained under the contempt order that he attacked in his habeas application).

The State argues that O'Neal's application was defective and that he failed to invoke the trial court's jurisdiction because he failed to assert that he was then subject to confinement, restraint, or collateral legal consequences. According to the State's brief, "the appellant was sentenced to 120 days in county jail and was discharged from his sentence prior to filing his application seeking habeas relief[,]" although the State does not provide record citations to support this assertion.[2] *See*

---

[2] The State asserts in its brief on appeal that at the time the application was filed, O'Neal remained in custody of the Texas Department of Criminal Justice–Institutional Division, but he was "serving a sentence for a separate felony charge." In his reply brief, O'Neal characterizes this statement in the State's brief as a judicial admission "that the Appellant remains confined . . . based upon a Motion to Adjudicate based in part on the misdemeanor conviction that is the subject of the habeas corpus proceeding." O'Neal also offers a copy of a Motion to Adjudicate and an Order of Arrest as an appendix to his reply brief. The Motion to Adjudicate and the Order of Arrest were not included in the official record on appeal, and nothing on the face of these documents links them specifically to the misdemeanor conviction O'Neal seeks to appeal. The statement in the State's brief and the documents O'Neal references in his reply brief fail to establish that O'Neal is

10

Tex. R. App. P. 38.1(i) (requiring an appellate brief to include citations to authority and to the record).

An applicant for habeas relief bears the burden of proof as to his application. *See Galvan*, 770 S.W.2d at 823; *see also Ex Parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995) (an applicant for a writ of habeas corpus bears the burden to prove factual allegations by a preponderance of the evidence). In this case, O'Neal did not include factual allegations within his application regarding his confinement or restraint, and he did not provide evidence at the habeas hearing to establish that he was then confined or restrained or subject to any collateral legal consequences as a result of the misdemeanor conviction. Because O'Neal did not identify how he was "confined" or "restrained" within the meaning of Article 11.09, the trial court could have concluded that O'Neal failed to state a cognizable claim and therefore it was not an abuse of discretion for the trial court to deny O'Neal's petition for habeas relief. Nevertheless, we also consider O'Neal's claim of ineffective assistance of counsel.

CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process

---

confined or restrained *as a result of the misdemeanor* conviction that is the subject of the habeas proceeding.

11

that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance claim, O'Neal must establish that (1) trial counsel's representation fell below the objective standard of reasonableness, based on prevailing professional norms, and (2) there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See id.* at 687-88; *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010); *Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986) (holding *Strickland* standard applies to ineffective assistance claims under the Texas Constitution.). An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *See Perez*, 310 S.W.3d at 893; *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

When determining the validity of a defendant's claim of ineffective assistance of counsel, our judicial review must be "highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813 (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that counsel was motivated by sound trial strategy.

*Strickland*, 466 U.S. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000); *Chambers v. State*, 903 S.W.2d 21, 32-33 (Tex. Crim. App. 1995); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Therefore, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *Tong*, 25 S.W.3d at 712. To overcome the presumption of reasonable professional assistance, "'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)); *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). The appropriate context is the totality of the representation; counsel is not to be judged on isolated portions of his representation. *See Thompson*, 9 S.W.3d at 813; *Solis v. State*, 792 S.W.2d 95, 98 (Tex. Crim. App. 1990).

Trial counsel has the responsibility to consult with and advise the client concerning the meaning and effect of the judgment rendered by the court, the right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing counsel's professional

13

O'Neal provided no evidence or testimony to controvert his attorney's testimony. O'Neal makes no claim on appeal that he actually advised his trial attorney that he wished to appeal the misdemeanor conviction. "The logical prerequisite to an attorney pursuing an appeal is that his client desires to appeal." *Galvan*, 770 S.W.2d at 823. After O'Neal's trial counsel informed him regarding his right to appeal and O'Neal decided not to appeal, trial counsel's representation ended. *See Jones*, 98 S.W.3d at 703; *Ex parte Axel*, 757 S.W.2d at 374.

After carefully examining the entire record now before us, we conclude that O'Neal failed to meet his burden of proof to establish that trial counsel's representation fell below the objective standard of reasonableness, based on prevailing professional norms. *See Thompson*, 9 S.W.3d at 814. Where an appellant fails to satisfy one prong of the *Strickland* test, a court need not consider the other prong. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (citing *Strickland*, 466 U.S. at 697). We overrule O'Neal's issue on appeal. Viewing the record in a light most favorable to the trial court's ruling, we affirm

---

disadvantage is not to be disclosed unless the client consents." Nevertheless, O'Neal does not raise the issue of attorney-client privilege on appeal, and we note that the Court of Criminal Appeals has explained that "when counsel faces an ineffective-assistance claim, the attorney-client privilege is waived, and trial counsel has the opportunity to explain his actions." *State v. Thomas*, 428 S.W.3d 99, 106 (Tex. Crim. App. 2014).

the trial court's denial of O'Neal's application for habeas relief. *See Ex parte Peterson*, 117 S.W.3d at 819; *Ex parte Cummins,* 169 S.W.3d at 755.

AFFIRMED.

_____

LEANNE JOHNSON
Justice

Submitted on August 26, 2015
Opinion Delivered September 23, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

# IN THE NINTH COURT OF APPEALS

09-15-00229-CR

Ex Parte Johnnie Lewis O'Neal

On Appeal from the
County Court at Law No 5 of Montgomery County, Texas
Trial Cause No. 15-28797

## JUDGMENT

THE NINTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be affirmed. IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that the judgment of the trial court is affirmed.

Opinion of the Court delivered by Justice Leanne Johnson

September 23, 2015

**AFFIRMED**

**\*\*\*\*\*\*\*\*\*\***

Copies of this judgment and the Court's opinion are certified for observance.

Carol Anne Harley
Clerk of the Court

# Appendix 2

FILED FOR RECORD
05/07/2015
MARK TURNBULL
COUNTY CLERK
MONTGOMERY COUNTY, TEXAS

CAUSE NO. 15 -28797

| | | |
|---|---|---|
| Ex Parte | § | IN THE COUNTY COURT OF |
| VS. | § | LAW NUMBER 5 |
| Johnnie L. O'Neal, Jr. | § | MONTGOMERY COUNTY, TX |

The court has taken the following action in this case on agreement of counsel,
_____Attorney / recommendation of State/on Court's own motion.

_____ Recalled capias/warrant

_____ Set bond in the amount of $_____

_____ Reduced/Increased bond from $_____ Old Bond to $_____ New Bond

__X__ Other

Application for Writ of Habeas Corpus is denied.

Signed this __6__ day of __May__ , 20 _15_ .

_____
Judge Presiding
County Court at Law Number _____
Montgomery County, Texas

# Appendix 3

CAUSE #:            County#: 445480

FDA #: 70508

STATE OF TEXAS         &amp;   IN THE COUNTY COURT-AT-LAW NO. 5

&amp;

VS.                            &amp;   OF

&amp;

&amp;   MONTGOMERY COUNTY, TEXAS

ONEAL, JOHNNIE LEWIS, JR

PIN: 514940

Address: 747 FM 3083 CONROE, TX

Phone: 936-718-5477

Offense/Degree:        DRIVING WHILE INTOXICATED M 14-298464

Court Setting:     Contact District Attorney or Court Immediately

### ORDER APPOINTING

___X___ I hereby APPOINT BOTELLO,LORI to represent the defendant in the above numbered and entitled cause in all litigation in the trial court through and including a ruling on a Motion for New Trial, and filing a notice of appeal, if appropriate, unless released by written order of this Court at an earlier date or by the Court's appointment of appellate counsel.

_____ Attorney appointed out of rotation because he/she was previously appointed to represent the defendant.

Signed this 9th day of JULY, 2014.

_____
Judge, COUNTY COURT-AT-LAW NO. 5 or Appointment Designee

CC: BOTELLO,LORI   Phone 713/202/9403